# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD RAMSEY, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> PHILIPS NORTH AMERICA LLC, <br><br> *Defendant*. | No. 3:18-cv-01099-NJR-RJD |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Under Rule 23(e) of the Federal Rules of Civil Procedure, the Parties respectfully request preliminary approval of a Class Action Settlement.

1. Plaintiffs brought this action alleging that Defendant Philips North America LLC was responsible for overseeing the Philips North America 401(k) Plan ("the Plan") and that it breached its duties under Employee Retirement Income Security Act of 1974 (ERISA) by causing the Plan to pay unreasonable investment management and administrative fees, retaining the Vanguard Prime Money Market Fund as the sole capital preservation investment option, and selecting and retaining an investment option, the Principal Diversified Real Asset Fund, that had an insufficient performance and consistently underperformed prior to inclusion in the Plan.

2. After Plaintiffs pursued bringing an action, Defendant produced voluminous documents to Plaintiffs. Plaintiffs reviewed and conducted an analysis of these documents and requested follow-up documents, which Defendant also produced for review and analysis by Plaintiffs. These documents consisted of, among other items, fiduciary committee minutes and materials prepared in

conjunction with those meetings, third-party consultant reports, data on Plan investments, investment policy statements, and email correspondence. After more than 18 months of review and analysis, the Parties entered into arm's length negotiation over six months.

3. On May 11, 2018, the Parties entered into a Settlement Agreement and request that the Court preliminarily approve the Settlement Agreement that is attached hereto as Exhibit A.

4. The Settlement Class is defined as:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or, Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.

5. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case and preliminary approval of the Settlement is in the best interests of the Class Members. In return for a release of the Class Representatives' and Class Members' claims, Defendant has agreed to pay a sum of $17,000,000 into a Gross Settlement Fund. The Parties have further agreed to certain non-monetary terms, as specified in Article 10 of the Settlement Agreement.

6. The purpose of preliminary approval is merely to determine whether the proposed settlement is "within the range of possible approval." *Gautreaux v. Pierce,* 690 F.2d 616, 621 n.3 (7th Cir. 1982). The preliminary approval hearing is not a fairness hearing. *Id*.

7. The Settlement reached between the Parties here more than satisfies this standard and is clearly "within the range of possible approval" by the Court given the significant nature of the case and the result reached by the Plaintiffs. Preliminary approval will not foreclose interested persons from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

8. Plaintiffs also submit to the Court a Memorandum in Support of this Joint Motion for Preliminary Approval, as well the Declaration of Class Counsel. Defendant is not submitting a Memorandum in Support of the Joint Motion.

WHEREFORE, the Parties request the following:

• That the Court hold a preliminary approval hearing to review the Settlement Agreement and to receive argument from Counsel regarding the adequacy of the Settlement;

• That following the preliminary approval hearing, the Court enter an Order granting its preliminary approval of the Settlement Agreement;

• That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, order such objections, if any, be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, and permit the Parties the right to limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

• That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Parties' Settlement Agreement; and

• That following the Fairness Hearing, the Court enter an Order granting final approval of the Parties' Settlement and dismissing the Complaint in this Action with prejudice.

Dated: May 11, 2018

By: /s/ Jerome J. Schlichter
Jerome J. Schlichter, 2488116
SCHLICHTER BOGARD & DENTON
100 S. Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
jschlichter@uselaws.com

*Attorneys for Plaintiffs*

By: /s/ Mark E. Schmidtke (w/ consent)
Mark E. Schmidtke
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
56 S. Washington Street, Suite 302
Valparaiso, IN 46383
Telephone: (219) 242-8668
Facsimile: (219) 242-8669
mark.schmidtke@ogletreedeakins.com

Jeremy P. Blumenfeld
Christopher M. Varano
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
jeremy.blumenfeld@morganlewis.com
christopher.varano@morganlewis.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2018, I served this document on all parties via the Court's CM/ECF system.

/s/   Jerome J. Schlichter