# Exhibit A

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the Defendant.

**1.      Article 1 – Recitals**

1.1      On December 4, 2015, Class Counsel, on behalf of a participant in the Plan, sent Philips a request seeking certain documents regarding the Plan, which were promptly produced.

1.2      In February 2016, Class Counsel provided Philips with a Draft Complaint setting forth the facts and claims that Class Counsel believed could be asserted against Philips regarding the Plan. The Draft Complaint alleged several categories of claims based on allegations that Philips breached its fiduciary duties to the Plan and Plan participants under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

1.3      After receiving the Draft Complaint, the Settling Parties, as defined below, agreed to informal discovery to supplement documents previously produced in December 2015. In August 2016, the Settling Parties entered into a confidentiality agreement. In August 2016, Philips produced plan-related materials, including investment policy statements, data regarding Plan investment options and holdings, and committee materials (e.g., agendas, reports, minutes, etc.). Philips also produced emails, communications and other materials. Thereafter, the Settling Parties agreed to produce electronically stored information. The Settling Parties agreed to a list of custodians and Philips proposed a list of search terms that were supplemented by Class Counsel. Philips and Defense Counsel then expended hundreds of hours conducting detailed searches and produced hundreds of emails related to the Plan and the issues raised in the Draft Complaint. This discovery process continued from approximately March 2016 through October 2017, a period of 19 months.

1.4      Based on the documents and data provided, Class Counsel determined that they could meaningfully evaluate the strength of the claims asserted in the Draft Complaint and the potential recovery on such claims.  Accordingly, the Settling Parties discussed the possibility of resolving the claims asserted in the Draft Complaint through mediation before the Draft Complaint was filed, instead of waiting until after the Draft Complaint was filed and the Settling Parties engaged in formal discovery to obtain the same information they had exchanged through

informal pre-filing discovery.  The Settling Parties agreed to participate in a mediation before the Mediator, a mediator who has extensive experience in resolving similar claims involving other 401(k) plans.

1.5    On September 7, 2017, the Settling Parties discussed settlement through an all-day private mediation in New York City, NY.  The Settling Parties did not reach agreement at the mediation, but continued with extensive discussions through the Mediator over the next several weeks.  The Settling Parties reached agreement on the monetary terms of a potential settlement on November 10, 2017, but there were still non-monetary issues that would have to be negotiated and resolved in order for there to be a settlement.  They then, over several months, negotiated additional terms and signed this settlement agreement on May 11, 2018.  The terms of the Settling Parties' settlement are memorialized in this Settlement Agreement.

1.6    The Class Representatives and Class Counsel consider it desirable and in the Plan's and Class Members' best interests that the claims against Philips and the Released Parties be settled upon the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this settlement will result in benefits to the Plan, the Class Representatives and the Settlement Class.

1.7    Philips admits no wrong doing or liability with respect to any of the allegations or claims in the Draft Complaint or the complaint that Plaintiffs will file with the court to effect this Settlement Agreement (collectively, the "Complaint"). This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission or concession of fault or liability of any kind by any Defendant or Released Party.

1.8    The Settling Parties have concluded that it is desirable that this matter be finally settled upon the terms and conditions set forth in this Settlement Agreement.

1.9    Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

2.      **Article 2 – Definitions**

As used in this Settlement Agreement and the Exhibits hereto (as listed in Paragraph 13.19), unless otherwise defined, the following terms have the meanings specified below:

2.1     "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Class; (b) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the fees of the Plan's recordkeeper associated with implementing this Settlement Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Independent Fiduciary, Settlement Administrator, and Escrow Agent; and (e) all fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715. Excluded from Administrative Expenses are Defendant's internal expenses, and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

2.2     "Active Account" means an individual investment account in the Plan with a balance greater than $0 as of the date that the Plan's recordkeeper collects participant data for purposes of effectuating the Settlement.

2.3     "Alternate Payee" means a person other than a participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order.

2.4     "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and to be provided in the future during the Settlement Period. The amount of attorneys' fees for Class Counsel shall not exceed $5,666,666 which shall be recovered from the Gross Settlement Amount. Class Counsel also will seek reimbursement for all costs and expenses advanced and carried by Class Counsel during the pre-litigation investigation conducted by Class Counsel and for the duration of this litigation, not to exceed $35,000, which also shall be recovered from the Gross Settlement Amount.

2.5     "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form with a postmark dated by the Claims Deadline set by the Court in the Preliminary Order and whose Former Participant Claim Form is accepted by the Settlement Administrator.

**2.6**  "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan other than a Plan participant or an Alternate Payee. A Beneficiary includes, but is not limited to, a surviving spouse, domestic partner, or child of a Plan participant who currently is entitled to a benefit.

**2.7**  "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

**2.8**  "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

**2.9**  "Class Action" means Todd Ramsey, *et al.* v. Philips North America LLC f/k/a Philips Electronics North America Corporation, Case No. 3:18-cv-01099 in the United States District Court for Southern District of Illinois.

**2.10**  "Class Counsel" means Schlichter, Bogard & Denton LLP, 100 S. Fourth Street, Suite 1200, Saint Louis, Missouri, 63102.

**2.11**  "Class Members" means all individuals in the Settlement Class.

**2.12**  "Class Period" means the period from December 4, 2009 through the date of the Final Order.

**2.13**  "Class Representatives" means Todd Ramsey, Frederick Butler, Marta Nelson, Diane Lewis, Simone Adams, Kasandra Adams, and Brian Adams.

**2.14**  "Class Representatives' Compensation" means an amount to be determined by the Court, but not to exceed $15,000 for each Class Representative, which shall be paid from the Gross Settlement Amount directly to each Class Representative.

**2.15**  "Confidentiality Agreement" means the Confidentiality Agreement executed by the Settling Parties effective August 2, 2016.

**2.16**  "Court" means the United States District Court for the Southern District of Illinois.

**2.17**  "Court of Appeals" means the United States Court of Appeals for the Seventh Circuit.

**2.18**  "Current Participant" means a person who participated in the Plan during the Class Period and had an Active Account on May 11, 2018.

**2.19**  "Defendant" means Philips North America LLC f/k/a Philips Electronics North America Corporation.

**2.20**  "Defense Counsel" means counsel for Defendant including Morgan, Lewis & Bockius LLP and Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

4

**2.21**   "Draft Complaint" is the draft complaint provided by Class Counsel to Philips in approximately February 2016 setting forth the facts and claims that Class Counsel believed could be asserted against Philips regarding the Plan.

**2.22**   "Escrow Agent" means Commerce Bank, or another entity agreed to by the Settling Parties.

**2.23**   "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Class Members to the Settlement Agreement, (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Compensation, and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23.

**2.24**   "Final Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.

**2.25**   "Final" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any Party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted review proceeding, the period after which the Final Order becomes Final is thirty-five (35) calendar days after its entry by the Court.

**2.26**   "Former Participant" is a person who participated in the Plan during the Class Period and did not have an Active Account on May 11, 2018.

**2.27**   "Former Participant Claim Form" means the form described generally in Paragraph 3.4.2 and substantially in the form attached as Exhibit 1.

**2.28**   "Gross Settlement Amount" means the sum of seventeen million dollars ($17,000,000), contributed to the Qualified Settlement Fund in accordance with Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made on behalf of Philips in connection with the Settlement effectuated through this Settlement Agreement.

**2.29**   "Independent Fiduciary" means an independent fiduciary who will serve as a fiduciary to the Plan in accordance with Article 3 that has no relationship or

interest in any of the Settling Parties and is mutually agreed to by the Settling Parties.

2.30    "Mediator" means Hunter Hughes, Hunter ADR, 1075 Peachtree Street NW, Suite 2550, Atlanta, Georgia 30309, or if he is unavailable, another mediator mutually agreed upon by the Settling Parties.

2.31    "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel; (b) all Class Representatives' Compensation as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors.

2.32    "Philips" means Philips North America LLC f/k/a Philips Electronics North America Corporation.

2.33    "Plaintiffs" means the Class Representatives and the Class Members.

2.34    "Plan" means the Philips North America 401(k) Plan f/k/a Philips North America Corporation Employee Savings Plan.

2.35    "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount in accordance with Article 6 herein.

2.36    "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 2.

2.37    "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

2.38    "Released Parties" means (a) Philips and its insurers, (b) Philips' past, present, and future parent corporation(s), Philips Electronics North America Corporation, Philips Lighting North America Corporation, Lumileds LLC, and Koninklijke Philips N.V., (c) affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns of Philips, Philips Electronics North America Corporation, Philips Lighting North America Corporation, Lumileds LLC, and Koninklijke Philips N.V., (d) with respect to (a) through (c)

6

above, each of their respective boards of directors and managers, past, present and future members of the boards of directors, officers, trustees, partners, agents, managers, members, shareholders (in their capacity as such), employees, independent contractors, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, employee benefit plan service providers (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them, (e) the Plan and its predecessors and successors, and (f) each of the Plan's fiduciaries, service providers, parties in interest, and investment consultants, including but not limited to Jeffrey R. Slocum & Associates and Pavilion Advisory Group, and each of their respective owners, officers, directors, managers, members, partners, employees, advisors, attorneys, agents, contractors, subcontractors and consultants.  Released Parties are intended third party beneficiaries of this Settlement Agreement and are entitled to enforce its terms.

**2.39** "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action:

a. That were asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that are, were, or could have been alleged, asserted, or set forth in the Complaint; or

b. That arise out of, relate in any way to, are based on, or have any connection with: (1) the selection, oversight, retention, or performance of the Plan's investment options and service providers, (2) fees, costs, or expenses charged to, paid, or reimbursed by the Plan, (3) disclosures or failures to disclose information regarding the Plan's investment options or service providers, (4) the investment options offered to Plan participants, (5) the selection of vendors and providers for the Plan, (6) the services provided to the Plan or the costs of those services, (7) collecting or paying compensation based on a percentage of total assets, or (8) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions; or

c. That would be barred by *res judicata* based on entry of the Final Order; or

7

d.  That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any member of the Settlement Class in accordance with the Plan of Allocation; or

e.  That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

Released Claims specifically exclude (1) those claims not related to 2.39(a) – (e) above; (2) claims of denial of benefits from the Plan not related to 2.39(a) – (e) above; (3) labor or employment claims unrelated to the Plan, including by way of example only, claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall Street Reform and Protection Act, state anti-discrimination and wage-payment laws, claims for wrongful termination under state common law and other state law claims of a similar nature to those set forth in this subpart (3); and (4) claims arising exclusively from conduct outside the Class Period.

**2.40**  "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

**2.41**  "Settlement Administrator" means an independent contractor to be retained by Class Counsel.

**2.42**  "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.43**  "Settlement Class" means all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.

**2.44**  "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 11.

**2.45**  "Settlement Notice" means the Notices of Class Action Settlement and Fairness Hearing to be mailed by first class mail to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Order, in substantially the form attached hereto as Exhibits 3 and 4. The Settlement Notice also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement

Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Compensation. The Settlement Notice shall inform Former Participants of the Claims Deadline by which they must file a completed Former Participant Claim Form to be eligible for a distribution in accordance with the Plan of Allocation.

2.46    "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of three years thereafter.

2.47    "Settlement Website" means the internet website established in accordance with Paragraph 12.2.

2.48    "Settling Parties" means the Defendant and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

**3.      Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

3.1     The Independent Fiduciary, agreed to by Class Counsel and Defendant, and retained by Philips, shall have the following responsibilities including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

    3.1.1   The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") in making its determination, for the purpose of Defendant's reliance on PTE 2003-39.

    3.1.2   The Independent Fiduciary shall notify Philips directly of its determination in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

    3.1.3   All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

    3.1.4   Philips, Defense Counsel, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review the Settlement Agreement.

    **3.1.5**    Within fifteen (15) calendar days of receipt of the notification from the Independent Fiduciary, Philips shall (a) review the determination by the Independent Fiduciary, (b) conclude whether the Independent Fiduciary has made the determinations required by PTE 2003-39, and (c) notify Class Counsel in writing of its conclusion in that regard.

**3.2**    Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement, class certification for settlement purposes only, and for entry of the Preliminary Order in substantially the form attached hereto as Exhibit 2. The Preliminary Order to be presented to the Court, as to the Class Action, shall, among other things:

    **3.2.1**    Grant the motion to certify the class for settlement purposes only under Rule 23(b)(1) of the Federal Rules of Civil Procedure;

    **3.2.2**    Approve the text of the Settlement Notice and Former Participant Claim Form for mailing to Class Members and Former Participants identified by the Settlement Administrator to notify them (1) of the Fairness Hearing and (2) that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Class through the Settlement Website without requiring additional mailed notice;

    **3.2.3**    Determine that under Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

    **3.2.4**    Cause the Settlement Administrator to mail by first class mail the Settlement Notice to each Class Member identified by the Settlement Administrator and the Former Participant Claim Form to each Former Participant identified by the Settlement Administrator based upon the data provided by the Plan's recordkeeper;

    **3.2.5**    Provide that, pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against Philips, the Released Parties, or the Plan;

    **3.2.6**    Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Order, and (iii) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Compensation, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

    **3.2.7**    Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

    **3.2.8**    Provide that the Settling Parties may, but are not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector;

    **3.2.9**    Provide that any Settling Party may file a response to an objection by a Class Member;

    **3.2.10**    Set a deadline of no later than the date of three (3) calendar days prior to the Fairness Hearing by which each Former Participant must file a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution in accordance with the Plan of Allocation;

    **3.2.11**    Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

    **3.2.12**    Approve the Form of CAFA Notices attached as Exhibit 7 and order that upon mailing of the CAFA notices, Philips shall have fulfilled its obligations under CAFA.

**3.3**    Defense Counsel shall respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably

necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third party, including the Plan's recordkeeper, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount.

**3.3.1**   The Settlement Administrator shall be bound by the Confidentiality Agreement and any further non-disclosure or security protocol required by the Settling Parties.

**3.3.2**   The Settlement Administrator shall use the data provided by Defendant and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

**3.3.3**   The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**3.4**   By the date and in the manner set by the Court in the Preliminary Order, and unless otherwise set forth below, the Settlement Administrator shall:

**3.4.1**   Cause to be mailed to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 3 and 4 or a form subsequently agreed to by the Settling Parties and the Court. The Settlement Notice shall be sent by first-class mail, postage prepaid, to the last known address of each Class Member provided by the Plan's recordkeeper (or its designee) through Defense Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee). Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

**3.4.2**   Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 1, or a form subsequently agreed to by the Settling Parties and the Court, to be included with the Settlement Notice that is mailed to the Former Participants.

**3.4.3**   Have prepared and provided CAFA notices to the Attorney General of the United States, the Secretary of the Department of Labor, and the

Attorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715, within ten (10) calendar days of Class Representatives' filing of the Settlement Agreement and proposed Preliminary Order. Subject to Court approval, the costs of such notice shall be paid from the Qualified Settlement Fund and shall be considered Administrative Expenses.

**4.     Article 4 – Final Settlement Approval**

**4.1**     No later than ten (10) business days before the Fairness Hearing, Class Counsel shall submit to the Court a mutually agreed upon motion for entry of the Final Order (Exhibit 5) in the form approved by Class Counsel and Philips, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement. The Final Order as proposed shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

**4.1.1**     Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

**4.1.2**     A determination under Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

**4.1.3**     Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement, except for retention of jurisdiction to enforce Article 8 of the Settlement Agreement;

**4.1.4**     That each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Philips, the Plan, and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Philips, the Plan, or the Released Parties in any action or proceeding alleging any of

the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

4.1.5    That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Philips and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Philips or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims;

4.1.6    That each Class Member shall release Philips, Defense Counsel, Class Counsel, the Released Parties, and the Plan for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

4.1.7    That all applicable CAFA requirements have been satisfied;

4.1.8    That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant in accordance with the Plan of Allocation approved by the Court;

4.1.9    That, with respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion;

4.1.10   That, with respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation

14

decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other Plan fiduciaries in accordance with applicable law and governing terms of the Plan; and

**4.1.11**   That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.2**   The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by the Final Order.

**5.**   **Article 5 – Establishment of Qualified Settlement Fund**

**5.1**   No later than three (3) business days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**5.2**   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

5.3     Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendant or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither Philips, Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4     Within fifteen (15) calendar days after the later of (a) the Preliminary Order is entered, or (b) the escrow account described in Paragraph 5.1 is established and the Escrow Agent shall have furnished to Defendant in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions, Philips, or its agents or insurers, will deposit the Gross Settlement Amount, seventeen million dollars ($17,000,000), into the Qualified Settlement Fund.

5.5     The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

5.6     The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

**5.7**    Within one-hundred twenty (120) calendar days after the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) first, all Attorneys' Fees and costs shall be paid to Class Counsel within three (3) business days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid within five (5) business days after the Settlement Effective Date; (c) third, any Class Representatives' Compensation ordered by the Court shall be paid within five (5) business days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors; and (e) fifth, the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

**5.8**    The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. Defendant, Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

**5.9**    No later than February 15 of the year following the calendar year in which Defendant, its insurers, or agents make a transfer to the Qualified Settlement Fund in accordance with the terms of this Article 5, Defendant, its insurers, or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendant, its insurers, or agents make a transfer to the Qualified Settlement Fund.

**6.**    **Article 6 – Plan of Allocation**

**6.1**    After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Authorized Former Participants and those Current Participants covered by Paragraphs 6.6 and 6.7 below, and to the Plan for distribution to the Current Participants in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.2**    To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or an Authorized Former Participant, Beneficiary, or Alternate Payee of such a person. Current Participants shall receive their settlement payments as contributions to their Plan account(s), except as provided in Paragraph 6.6 below. Authorized Former Participants shall receive their settlement payments in the form of a check, as provided in Paragraph 6.7 below.

**6.3**    Beneficiaries will receive checks as described in this Article 6 in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. Alternate Payees will receive checks if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 in accordance with the plan of allocation as if they are a Current Participant or Authorized Former Participant. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.4**    **Calculation of Settlement Payments.**  Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator as follows:

    **6.4.1**    The Settlement Administrator shall obtain from the Plan's recordkeeper the quarter-ending account balances, quarter-ending balances invested in the Vanguard Prime Money Market Fund ("MMF"), and the quarter-ending balances invested in the Principal Diversified Real Asset Fund ("Principal Fund") for each Class Member during the Class Period.

    **6.4.2**    The Net Settlement Amount shall be divided into three portions based on the alleged damages: (1) 47% to the Money Market Fund Portion ("MMF Portion"); (2) 47% to the Recordkeeping and Investment Fee Portion ("Fee Portion"); and (3) 6% to the Principal Fund Portion ("Principal Fund Portion").

    **6.4.3**    The MMF Portion will be allocated among Class Members during the Class Period as follows: a percentage of the MMF Portion that is the product of the sum of the participant's quarter-ending account balances invested in the MMF for each quarter during the Class Period divided by the sum of quarter-ending net asset value of the MMF for each quarter during the Class Period.

    **6.4.4**    The Fee Allocation will be allocated among Class Members during the Class Period as follows: a percentage of Fee Portion that is the product of the sum of the participant's quarter-ending total account balances for each quarter during the Class Period divided by the sum of the quarter-

ending net asset value of the Plan for each quarter during the Class Period.

**6.4.5**    The Principal Fund Portion will be allocated among Class Members during the Class Period as follows: a percentage of the Principal Fund Portion that is the product of the sum of the participant's quarter-ending account balances invested in the Principal Fund for each quarter during the Class Period divided by the sum of the quarter-ending net asset value of the Principal Fund for each quarter during the Class Period.

**6.4.6**    No amount shall be distributed to a Class Member that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. All such amounts shall be retained in the Qualified Settlement Fund for distribution under Paragraph 6.13.

**6.4.7**    The Settlement Administrator shall determine the total settlement payment available to each Authorized Former Participant and Current Participant by calculating each such participant's share of the Net Settlement as set forth above.

**6.4.8**    The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Authorized Former Participants and Current Participants under Paragraphs 6.6 and 6.7 of the Settlement Agreement; and (b) instructing the Plan as to the amounts to be distributed to the Current Participants under Paragraph 6.5 of the Settlement Agreement and calculating the total amount to deposit into each Current Participant's Active Account(s) to fulfill this instruction.

**6.4.9**    The total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits that the Plan is instructed to make to Current Participants may not exceed the Net Settlement Amount. Nothing in this Paragraph 6.4.9 is intended to modify the requirements of Paragraph 6.8 below. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

**6.4.10**    Neither the Defendant nor the Released Parties shall have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

6.5     **Payments to Current Participants.**  Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment. The Settlement Administrator shall complete all payment calculations for all Current Participants and Authorized Former Participants within thirty (30) business days after the Settlement Effective Date.

    6.5.1     Within two (2) business days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide Philips (or its designee) with an Excel spreadsheet containing the name, Social Security number or other unique identifier, and the amount of the settlement payment to be made into the Active Account(s) for each of the Current Participants.

    6.5.2     Thereafter, within ten (10) business days' written notice to Philips (or its designee), the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plan's trustee of the aggregate amount of all settlement payments payable to Current Participants, as reflected in the spreadsheet provided by the Settlement Administrator.  Philips (or its designee) shall direct the Plan's trustee to credit the individual Active Account(s) of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant.

    6.5.3     The settlement payment for each Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file. If there is no investment election on file for any Current Participant, then such Current Participant shall be deemed to have directed such payment to be invested in the Plan's "Qualified Default Investment Alternative," as defined in 29 C.F.R. § 2550.404c-5.

    6.5.4     The Plan's recordkeeper shall process all Current Participant transactions within thirty (30) calendar days of receiving direction from Philips (or its designee) for any Current Participant.

6.6     **Payments to Current Participants Who Have a $0 Account Balance as of the Date the Settlement Payments Are Made.**  For each Current Participant with an Active Account that has an account balance of zero as of the date the settlement payments are made, the Settlement Administrator shall issue a check from the Qualified Settlement Fund and mail the check to the address of the Current Participant then on file with the recordkeeper for the Plan.  A Current Participant who has an account balance of zero as of the date the settlement payments are made need not complete a Former Participant Claim Form. The checks shall be issued as follows:

**6.6.1**    For each check issued, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments allocable to the Current Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Current Participant.

**6.6.2**    Settlement payments that cannot be made by the Plan's trustee within thirty (30) calendar days of receiving direction from Philips (or its designee), as described in Paragraph 6.5, because the Current Participant has an account balance of zero in the Plan shall be returned by the Plan's trustee to the Settlement Administrator for distribution pursuant to this Paragraph 6.6 within ten (10) calendar days thereafter.

**6.7**    **Payments to Authorized Former Participants.**  For each Authorized Former Participant, the Settlement Administrator will issue a check from the Qualified Settlement Fund and mail the check to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means. The check shall be issued as follows:

**6.7.1**    For each check issued, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Authorized Former Participants.

**6.7.2**    Class Counsel shall request that the Settlement Administrator shall advise the Authorized Former Participant that any distribution in accordance with the Settlement may be rollover eligible and of their right to rollover such an amount, and shall follow proper rollover instructions provided by the Authorized Former Participant. Neither the Defendant, Class Counsel, nor the Released Parties shall have any responsibility for or liability whatsoever with respect to any tax advice given to the Authorized Former Participants or the Current Participants.

**6.8**    This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms, first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval. Direct mailed notice to Class Members of such proposed modification of the Plan

of Allocation shall not be required. However, notice of such proposed modification shall be posted on the Settlement Website within five (5) business days of the date that the proposed modification is submitted to the Court for its approval. If the proposed modification is implemented, notice of such modification shall be posted on the Settlement Website within five (5) business days of the date that the modification was implemented.

The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

6.9    Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defense Counsel, and Defendant one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

6.10   The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendant, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

6.11   Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendant, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the

Settlement Agreement, and shall hold Defendant, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

6.12   All checks issued in accordance with this Plan of Allocation shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

6.13   No sooner than thirty (30) calendar days following the end of the Settlement Period, any portion of the Net Settlement Amount remaining after distributions, including costs and taxes, shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan. In no event shall any part of the Settlement Fund be used to reimburse any Defendant or otherwise offset settlement related costs incurred by Defendant with the exception of the consultant fees and costs that may be incurred pursuant to Article 10.

## 7.   Article 7 – Attorneys' Fees and Costs

7.1   Class Counsel intends to recover their attorneys' fees not to exceed $5,666,666, and litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, not to exceed $35,000 both of which shall be recovered (if at all) only from the Gross Settlement Amount.  Class Counsel also intends to seek Class Representatives' Compensation, in an amount not to exceed $15,000, which shall be recovered from the Gross Settlement Amount.

7.2   Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least thirty (30) calendar days before the deadline set in the Preliminary Order for objections to the proposed settlement, which may be supplemented thereafter.

## 8.   Article 8 – Release and Covenant Not to Sue

8.1   As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1) the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalves and on behalf of the Plan, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged Philips, the Plan, and all Released Parties from the Released Claims, regardless of, e.g., whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and

whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

8.2     As of the Settlement Effective Date, the Class Members and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

8.3     Class Counsel, the Class Representatives, Class Members, or the Plan, may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Philips, the Plan, and the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, Class Member and the Plan shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members and the Plan acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

8.4     Each Class Representative, Class Member and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, the Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

        A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Also, the Class Representatives and Class Members, shall upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

**9.      Article 9 – Representations and Warranties**

**9.1**      The Settling Parties represent:

**9.1.1**      That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations among their counsel, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**9.1.2**      That they assume the risk of mistake as to facts or law;

**9.1.3**      That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**9.1.4**      That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**9.1.5**      That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**9.2**      Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**10.      Article 10 – Additional Terms**

**10.1**      Philips agrees to comply with the Additional Terms set forth in this Article 10 for the duration of the Settlement Period, unless another period is specified.

10.2    Within thirty (30) calendar days after the end of the first and second year of the Settlement Period, and within thirty (30) calendar days after the conclusion of the Settlement Period, Philips will provide Class Counsel a list of the Plan's investment options and the fees for those investment options, as well as a copy of the Investment Policy Statement (if any) for the Plan.

10.3    Within the first year of the Settlement Period, Philips shall publish a communication to then current Plan participants invested in the Plan's money market fund explaining some of the risks and benefits of the Plan's money market fund investment option, including but not limited to, (1) the principal protection and safety of such option, (2) that the returns of such investment option may not keep up with inflation and may, over the long term, lag the returns of other investment options in the Plan, (3) the benefits of diversification, and (4) such other information as the Plan's investment consultant may recommend in such communication.

10.4    Within the first year of the Settlement Period, Philips shall utilize an independent consultant familiar with fixed income investment options in defined contribution retirement plans who shall review the fund lineup and make recommendations to Philips plan fiduciaries regarding:

1.  Whether to retain a money market fund;

2.  Whether to add a stable value or comparable fund.

Philips fiduciaries shall within one hundred fifty (150) days thereafter determine whether or not to follow the recommendations in the consultant's report in carrying out their fiduciary duties.

10.5    The Plan's fiduciaries shall, during the first eighteen (18) months of the Settlement Period, conduct a request for proposal for recordkeeping services for the Plan.  The request for proposal shall request that any proposal provided by a service provider for basic recordkeeping services to the Plan not express the fees based on a percentage of Plan assets.  For avoidance of doubt, to the extent a service provider responding to the request for proposal also offers additional services beyond basic recordkeeping for which it charges an additional cost, the fees for those additional services (e.g., for individual investment advice) can be based on a percentage of the Plan assets or such other factors as the Plan fiduciaries and the recordkeeper agree.

10.6    After conducting the request for proposal, the Plan may decide to keep its current recordkeeper or retain a new recordkeeper based on whatever factors, including cost, that the Plan fiduciaries deem appropriate under the circumstances.  Fees paid to the recordkeeper for basic recordkeeping services will not be determined based on a percentage-of-plan-assets basis.  For avoidance of doubt, the fees for

additional services beyond basic recordkeeping (e.g., for individual investment advice) can be based on a percentage of the Plan assets or such other factors as the Plan and the recordkeeper agree.

10.7     Within thirty (30) days of selecting the recordkeeper, Philips shall provide to Class Counsel the final bid amounts that were submitted in response to the request for proposal (without identifying the recordkeepers who submitted those bids) and shall identify the selected recordkeeper, which shall be accompanied with the final agreed-upon fee for basic recordkeeping services provided to the Plan.

10.8     The Settling Parties agree that the costs of the conducting the request for proposal are administrative expenses properly paid for (or reimbursed to Philips) by the Plan under applicable law.

10.9     In considering Plan investment options, the Plan's fiduciaries shall consider, among other factors: (1) the lowest-cost share class available for any particular mutual fund considered for inclusion in the Plan as well as other criteria applicable to different share classes; (2) the availability of revenue sharing rebates on any share class available for any particular mutual fund considered for inclusion in the Plan; and (3) the availability of collective trusts, to the extent such investments are permissible and are otherwise identical to a particular mutual fund considered for inclusion in the Plan.

## 11.     Article 11 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination

11.1     The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

11.1.1     Under Paragraph 3.1, (1) either the Independent Fiduciary does not approve the Settlement Agreement, or disapproves the Settlement Agreement for any reason whatsoever or Philips reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39.

11.1.2     The Preliminary Order or the Final Order are not entered by the Court substantially in the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

11.1.3     The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

11.1.4    This Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

11.1.5    The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

11.2    If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendant, its agents, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

11.3    It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Compensation and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Compensation accordingly.

11.4    In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and Defendant, on the other hand.

11.5    CAFA notice will be served timely on the appropriate officials by the Settlement Administrator as provided in Paragraph 3.4.3.

12.    **Article 12 – Public Comments Regarding the Class Action or Settlement Agreement**

12.1    Except as set forth explicitly below, the Settling Parties and Class Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed, and (b) comply with this Article 12 in all other respects.

12.2   Class Counsel will establish a Settlement Website on which it will post the following documents or links to the following documents on or following the date of the Preliminary Order: the operative Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Former Participants Claim Form, Class Representatives' Motion for Attorneys' Fees and Costs and Award of Compensation to Class Representatives, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information"). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. Class Counsel will take down the Settlement Website ninety (90) calendar days after the receipt of the affidavit(s) referenced in Paragraph 6.9.

12.3   Within thirty (30) calendar days of the filing of the Class Action, Philips shall issue a communication to Plan participants substantially in the form of Exhibit 6.

12.4   Class Counsel may issue a Press Release on or around the date of the motion for preliminary approval of the settlement.  At least five (5) business days prior to issuing the Press Release, Class Counsel shall provide a draft of the Press Release to Philips for review and approval, and for which Philips may provide reasonable comments, edits, or changes to the Press Release prior to granting such approval.

13.    **Article 13 – General Provisions**

13.1   The Settling Parties, agree to cooperate fully with each other in seeking Court approvals of the Preliminary Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.  The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement at least three (3) business days in advance of filing.

13.2   Within sixty (60) calendar days after the Settlement Period, the Settling Parties shall either return to the producing parties, or destroy, all documents produced in discovery, including but not limited to documents produced under a claim of privilege or confidentiality. Each Settling Party shall serve a written notice to each producing party certifying that the Settling Party has carried out the obligations imposed by this Paragraph 13.2. The Settling Parties agree that at all times they will honor the requirements of the Confidentiality Agreement, notwithstanding Settlement of the Class Action. Philips will retain the documents for six years from the end of the Settlement Effective Date.

13.3   This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of Defendant of any wrongdoing, fault, or liability whatsoever by Defendant, or give rise to any

inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and Defendant admits no wrong doing or liability with respect to any of the allegations or claims in the Class Action. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.

13.4    Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the determination of the Independent Fiduciary; (iii) the management, investment, or distribution of the Qualified Settlement Fund; (iv) the Plan of Allocation as approved by the Court; (v) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (vi) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (vii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendant nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

13.5    Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about Philips's compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fees or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

13.6    This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law.

13.7    The Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement, with the exception of any and all disputes concerning compliance with Article 8, shall be exclusively resolved as follows:

13.7.1    If a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 8, the Settling Party raising the dispute shall first promptly give written notice under the Settlement

30

Agreement to the other Settling Party including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the Settling Party raising the dispute.

13.7.2   Within twenty (20) calendar days after receiving the notice described in Paragraph 13.7.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position.

13.7.3   For a period of not more than twenty (20) calendar days following mailing of the response described in Paragraph 13.7.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute.

13.7.4   If the dispute is not resolved during the period described in Paragraph 13.7.3, the Settling Parties shall conduct a mediation of the dispute with the Mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute.

13.7.5   Within thirty (30) calendar days after the conclusion of the Mediator's attempt to resolve the dispute (the date of the conclusion of the mediation shall be determined by agreement of the Settling Parties or by the Mediator), if the dispute persists, the Settling Parties shall arbitrate the dispute.  The Mediator shall serve as the arbitrator.

13.7.6   The Settling Parties intend to resolve any disputes quickly, expeditiously, and inexpensively.  Accordingly, there shall be no discovery allowed in connection with mediation or arbitration pursuant to this Paragraph 13.7, and no witnesses shall be presented or examined during the mediation or arbitration except that if the Mediator acting as arbitrator, in his sole discretion, should determine that a limited number of documents or witnesses are needed to resolve the dispute, he may order their production or testimony.  The Mediator acting as the arbitrator will make his decision based solely on the papers, documents, testimony, and arguments of counsel presented to him.

13.7.7   If the Mediator acting as the arbitrator finds that a Settling Party has not complied with the Settlement Agreement as asserted, the sole remedy that the Mediator acting as the arbitrator may impose is the issuance of an order requiring the offending Settling Party to cure such non-compliance.

31

13.7.8   In any arbitration or mediation under this Paragraph 13.7, each Settling Party shall bear its own fees and costs.

13.7.9   The Mediator acting as the arbitrator shall issue a written determination, including findings of fact, if requested by any Settling Party.

13.7.10   Under no circumstances shall the mediator acting as the arbitrator have authority to consider any disputes or order any remedy other than as expressly set forth in this Paragraph 13.7.  The arbitrator's award may be enforced in the Court under federal law governing arbitration awards.

13.8   The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain that jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement.  Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the U.S. District Court for the Southern District of Illinois, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

13.9   Any portion of the Net Settlement Amount remaining after distributions, including costs and taxes, shall be paid to the Plan to be used or distributed in accordance with applicable law.

13.10   The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

13.11   Each party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

13.12   Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

32

13.13   Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

13.14   This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

13.15   The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other Settling Party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

13.16   Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

13.17   The provisions of this Settlement Agreement are not severable.

13.18   All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No Settling Party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

13.19   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Former Participant Claim Form; Exhibit 2 – Preliminary Order; Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 4 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 5 – Final Order; Exhibit 6 – Plan Communication; Exhibit 7 – Form of CAFA Notices.

**13.20**   No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any Settling Party to the Settlement Agreement because that Settling Party is deemed to have prepared, structured, drafted, or requested the provision.

**13.21**   Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier;

IF TO THE CLASS REPRESENTATIVES:

    Jerome J. Schlichter (jschlichter@uselaws.com)
    Sean E. Soyars (ssoyars@uselaws.com)

    SCHLICHTER, BOGARD & DENTON
    100 S. Fourth St., Ste. 1200
    St. Louis, Missouri 63102
    Tel: (314) 621-6115
    Fax: (314) 621-5934

IF TO DEFENDANT:

    Jeremy P. Blumenfeld (jeremy.blumenfeld@morganlewis.com)
    Christopher M. Varano (christopher.varano@morganlewis.com)

    MORGAN, LEWIS & BOCKIUS LLP
    1701 Market St.
    Philadelphia, Pennsylvania 19103
    Tel: (215) 963-5000
    Fax: (215) 963-5001

        and

    Mark E. Schmidke (mark.schmidtke@ogletree.com)

    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    56 S. Washington Street, Suite 302
    Valparaiso, IN 46383
    Tel: (219) 242-8668
    Fax: (219) 242-8669

    and

    PHILIPS NORTH AMERICA LLC
    Attn:  Head of Legal, North America
    3000 Minuteman Road, Mail Stop 1203
    Andover, MA  01810

ON BEHALF OF PLAINTIFFS Todd Ramsey, Frederick Butler, Marta Nelson, Diane Lewis, Simone Adams, Kasandra Adams, and Brian Adams Individually and as Representatives of the Class:

Dated: May 11, 2018

SCHLICHTER, BOGARD & DENTON, LLP

Jerome J. Schlichter
Sean E. Soyars
100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
Attorneys for Plaintiffs and Class Representatives

ON BEHALF OF DEFENDANT:

Dated:_____

MORGAN LEWIS & BOCKIUS, LLP

Jeremy P. Blumenfeld
Christopher M. Varano
1701 Market Street
Philadelphia, PA 19103-2921
Telephone : (215) 963-5000
Facsimile: (215) 963-5001
jeremy.blumenfeld@morganlewis.com
christopher.varano@morganlewis.com
Attorneys for Defendant

ON BEHALF OF PLAINTIFFS Todd Ramsey, Frederick Butler, Marta Nelson, Diane Lewis, Simone Adams, Kasandra Adams, and Brian Adams Individually and as Representatives of the Class:

Dated: _____

SCHLICHTER, BOGARD & DENTON, LLP

_____

Jerome J. Schlichter
Sean E. Soyars
100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
Attorneys for Plaintiffs and Class Representatives

ON BEHALF OF DEFENDANT:

Dated: _5/11/2018_____

MORGAN LEWIS & BOCKIUS, LLP

_____

Jeremy P. Blumenfeld
Christopher M. Varano
1701 Market Street
Philadelphia, PA 19103-2921
Telephone : (215) 963-5000
Facsimile: (215) 963-5001
jeremy.blumenfeld@morganlewis.com
christopher.varano@morganlewis.com
Attorneys for Defendant

**Philips North America 401(k) Settlement Administrator**
**[Address]**
**City, State, Zip**
# [Website Address]
## FORMER PARTICIPANT CLAIM FORM

ABC1234567890                                    Claim Number: 1111111

## *ABC1234567890*

JOHN Q CLASS MEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries, alternate payees or attorneys-in-fact of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who no longer had an Active Account as of May 11, 2018.

This form must be completed, signed and mailed with a postmark date no later than XXXXXXXXX, 2018 to the Settlement Administrator in order for you to receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment**. Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1.  Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including page 1 with the address label, for your records.

2.  Mail your completed Former Participant Claim Form that is postmarked no later than XXXXXXXX, 2018 to the Settlement Administrator at following address:     -     -

**Philips North America 401(k) Settlement Administrator**
**[Address]**
**City, State, Zip**

It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3.  Other Reminders:

    •   You must provide date of birth, signature and a completed Substitute IRS Form W-9, which is attached as Part 5 to this form.

    •   If you desire to do a rollover and you do not complete in full the rollover information in Part 4 Payment Election of the Settlement Distribution Form, payment will be made to the participant.

    •   If you change your address after sending in your Former Participant Claim Form, please send your new address to the Settlement Administrator.

    •   **Timing Of Payments To Eligible Settlement Class Members**. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed no earlier than XXXX due to the need to process and verify information for all Settlement Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4.  **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at XXX-XXX-XXXX. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, the Settlement administration and claim processing is available on the lawsuit website, [Website Address].

Exhibit 1

You are eligible to receive a payment from a class action settlement. The court has preliminarily approved the class settlement of *Ramsey, et al. v. Philips North America LLC,* Case No. 3:18-cv-01099-NJR-RJD. That settlement provides allocation of monies to the individual accounts of Settlement Class Members who had plan accounts with a positive balance ("Active Account") in the Philips North America 401(k) Plan f/k/A Philips Electronics North America Employee Savings Plan ("Plan") as of May 11, 2018 ("Current Participants"). Settlement Class Members who are entitled to a distribution but who no longer had Active Accounts as of May 11, 2018 ("Former Participants") will receive their allocation in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form that is postmarked no later than XXXXXXX to the Settlement Administrator. For more information about the settlement, please see [Website Address], or call XXX-XXX-XXXX.

Because you are a former participant (or beneficiary of a former participant) in the Plan, you must decide whether you want your payment (1) sent payable to you directly or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make that choice, please complete and mail this Former Participant Claim Form that is postmarked no later than XXXXXX to the Settlement Administrator. If you do not indicate a payment election, your payment will be sent payable to you directly.

## PART 2: PARTICIPANT INFORMATION

First Name                                          Middle    Last Name

Mailing Address

City                                                                State    Zip Code

Home Phone                            Work Phone or Cell Phone

Participant's Social Security Number          Participant's Date of Birth

                                                    M  M      D  D      Y  Y  Y  Y

Email Address

☐ Check here if you were a Former Participant, but did **not** receive this Claim Form in the mail. This may be because you were a participant in the Plan only for a brief period.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (IF APPLICABLE)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO), or attorney-in-fact** for the Former Participant. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name                                     Middle    Last Name

Your Social Security Number or Tax ID Number     Your Date of Birth

                                                    M  M      D  D      Y  Y  Y  Y

Your Mailing Address

City                                                                State    Zip Code

Exhibit 1

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete Rollover Information Section Below:

☐ Government 457(b)          ☐ 401(a)/401(k)          ☐ 403(b)

☐ Direct Rollover to a Traditional IRA          ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                                          State          Zip Code

Account Number                                                          Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. Person (including a U.S. resident alien).

M M    D D    Y Y Y Y

**Participant Signature**                                                          **Date Signed** (*Required*)

<u>Note</u>: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: [Website Address], OR CALL XXX-XXX-XXXX**

Exhibit 1

# Exhibit 2

# Placeholder for Proposed Preliminary Approval Order

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

TODD RAMSEY, *et al.*,

|  |  |  |
|---|---|---|
| | *Plaintiffs*, | |
| vs. | | No. 3:18-cv-01099-NJR-RJD |
| PHILIPS NORTH AMERICA LLC, | | |
| | *Defendant*. | |

### NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**Your legal rights might be affected if you are a member of the following class:**

All persons who participated in the Philips North America 401(k) Plan (f/k/a Philips Electronics North America Corporation Employee Savings Plan) at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Philips North America 401(k) Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Philips North America 401(k) Plan at any time during the Class Period.

The Class Period is defined as December 4, 2009 through the date of the Final Order approving the Class Action Settlement.  For purposes of this Notice, if not defined herein, capitalized terms have the Definitions in the Settlement Agreement, which is incorporated herein by reference.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Philips North America 401(k) Plan f/k/a Philips Electronics North America Corporation Employee Savings Plan (the "Plan") against Philips North America LLC, alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of Class Members who had accounts with a positive balance (an "Active Account") in the Plan as of May 11, 2018 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had Active Accounts as of May 11, 2018 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated May 11, 2018. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [WEBSITE]. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

1

Exhibit 3

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on XXXXXX, 2018, at XXXXX a.m., before U.S. District Court Judge XXXXXX in Courtroom XXXXX, United States Courthouse, 750 Missouri Avenue, East St. Louis, IL 62201.

- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendant's Counsel, as identified on page 5 of this Settlement Notice.

- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at [WEBSITE].

> **According to the Plan's records, you are a Current Participant. If you believe that you meet the definition of a Former Participant, please contact the Settlement Administrator. Current Participants include both participants currently employed at Philips North America and participants who are no longer employed by Philips North America but continue to have an account balance in the Plan.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT** | Our records indicate that you are a Current Participant. If, however, you are a "Former Participant" who participated in the Plan during the Class Period and on [DATE] did not have an Active Account the Plan, or are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form that is postmarked by XXXXXX to receive a check for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked by XXXXXXX, you will forfeit your share of the Net Settlement Amount. We have not included a claim form in your notice because Current Participants do not need to submit a claim form, and our records indicate that you are a Current Participant. However, if you believe you are a Former Participant, a claim form may be obtained by accessing [WEBSITE]. |
| **YOU CAN OBJECT (NO LATER THAN XXXXX, 2018)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON XXXX** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by XXXXX, 2018. |

### The Class Action

The case is called *Ransey, et al. v. Philips North America LLC*, Case No. 3:18-cv-01099-NJR-RJD (the "Class Action"). The Court supervising the case is the United States District Court for the Southern District of Illinois. The individuals who brought this suit are called Class Representatives, and the entity they sued is called Defendant. The Class Representatives are current and former participants in the Plan. The Defendant is Philips North America LLC. The Class Representatives' claims are described below, and additional information about them is available at [WEBSITE].

### The Settlement

The Settlement was reached on May 11, 2018. Class Counsel filed this action on May 10, 2018. Over two years prior to the filing of this action, Class Counsel and Defendant's Counsel conducted an adversarial informal discovery process. Class Counsel reviewed and analyzed thousands of pages of documents provided by Defendant and also reviewed many other documents, including U.S. Department of Labor Forms 5500 and other publicly available documents. The Parties participated in mediation before a nationally recognized

Exhibit 3

mediator who has extensive experience in resolving similar claims involving other 401(k) plans. Only after six months of extensive arm's length negotiation following the mediation were the parties able to agree to the terms of the Settlement.

As part of the Settlement, a Qualified Settlement Fund of $17,000,000 will be established to resolve the Class Action. The Net Settlement Amount is $17,000,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

In addition to the monetary component of the Settlement, the Parties to the Settlement have agreed to certain additional terms: (1) During the first eighteen months (18) following the final approval of the Settlement, Defendant has agreed that the Plan's fiduciaries will conduct a Request for Proposal ("RFP") process for recordkeeping services to the Plan; (2) Within the first year following final approval of the Settlement, Defendant has agreed to publish a communication to then current Plan participants explaining the risks and benefits of the Plan's money market fund investment option; (3) Defendant also will use an independent consultant familiar with fixed income investment options in defined contribution plans who will review the investment lineup and make recommendations to the Plan's fiduciaries regarding whether to retain the money market fund and whether to add a stable value or comparable fund; (4) In addition, during the three-year Settlement period, Defendant has agreed to provide Class Counsel a list of the Plan's investment options and fees; and (5) In considering investment options for the Plan, Defendant has agreed that the Plan's fiduciaries will consider: (a) the lowest-cost share class available for any particular mutual fund considered for inclusion in the Plan as well as other criteria applicable to different share classes; (b) the availability of revenue sharing rebates on any share class available for any particular mutual fund considered for inclusion in the Plan; and (c) the availability of collective trusts, to the extent such investments are permissible and are otherwise identical to a particular mutual fund considered for inclusion in the Plan.

**Statement Of Attorneys' Fees and Costs Sought in the Class Action**

Since mid-2015, Class Counsel have devoted many hours investigating potential claims and bringing this case. Class Counsel reviewed thousands of pages of documents produced in this case prior to filing of this action and thousands of publicly filed documents with the Department of Labor to support their claims. Class Counsel took the risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) monitor for three years compliance with the Settlement Agreement; (3) bring an enforcement action in court, if necessary, to insure compliance with the Settlement Agreement; and (4) do each of these without pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $5,666,666, in addition to no more than $35,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $15,000 each for seven Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, [WEBSITE]

Exhibit 3

**1.   Why Did I Receive This Settlement Notice?**

The Court caused this Settlement Notice to be sent to you because Philips' records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

**2.   What Is The Class Action About?**

In the Class Action, Class Representatives claim that, during the Class Period, Defendant violated 29 U.S.C. § 1104 by causing the Plan to pay excessive investment management and administrative fees, and that the Plan's fiduciaries should have made different investment option choices with regard to certain funds in the Plan's investment lineup.

Defendant has denied and continues to deny the claims and contentions of the Class Representatives, that it is liable at all to the Class, and that the Class or the Plan have suffered any harm or damage for which Defendant could or should be held responsible, as Defendant contends that it acted prudently and in keeping with its fiduciary responsibilities under ERISA by monitoring, reviewing and evaluating the Plan's investment options, by monitoring, reviewing and evaluating the administrative fees paid by the Plan, by eliminating or adding investment options when appropriate and by negotiating fees for administrative services for the Plan to ensure that the Plan paid reasonable fees for the services provided.

**3.   Why Is There A Settlement?**

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendant have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendant's counsel, an all-day session with a private mediator, and six months of additional arm's length negotiations. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

**4.   What Does The Settlement Provide?**

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

In addition to the monetary component of the Settlement, as discussed above, Defendant agreed that the Plan's fiduciaries will conduct a RFP process for recordkeeping services to the Plan. Within the first year following final approval of the Settlement, Defendant has agreed to publish a communication to then current Plan participants explaining the risks and benefits of the Plan's money market fund investment option. Defendant also will use an independent consultant familiar with fixed income investment options in such plans who will review the investment lineup and make recommendations to the Plan's fiduciaries regarding whether to retain the money market fund and whether to add a stable value or comparable fund. In addition, during the three-year Settlement period, Defendant has agreed to provide Class Counsel a list of the Plan's investment options and fees. In considering investment options for the Plan, Defendant has agreed that the Plan's fiduciaries will consider: (1) the lowest-cost share class available for any mutual fund considered for inclusion in the Plan as well as other criteria applicable to different share classes; (2) the availability of revenue sharing rebates on any share class available for any mutual fund considered for inclusion in the Plan; and (3) the availability of collective trusts, to the extent such investments are permissible and are otherwise identical to a particular mutual fund considered for inclusion in the Plan

Exhibit 3

All Class Members and anyone claiming through them will fully release the Plan as well as Defendant and its "Released Parties" from "Released Claims."  The Released Parties include (a) Defendant and its insurers, (b) Defendant's past, present, and future parent corporation(s), Philips Electronics North America Corporation, Philips Lighting North America Corporation, Lumileds LLC, and Koninklijke Philips N.V., (c) affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns of Defendant, Philips Electronics North America Corporation, Philips Lighting North America Corporation, Lumileds LLC and Koninklijke Philips N.V., (d) with respect to (a) through (c) above, each of their respective boards of directors and managers, past, present and future members of the boards of directors, officers, trustees, partners, agents, managers, members, shareholders (in their capacity as such), employees, independent contractors, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, employee benefit plan service providers (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them, (e) the Plan and its predecessors and successors, and (f) each of the Plan's fiduciaries, service providers, parties in interest, and investment consultants, including but not limited to Jeffrey R. Slocum & Associates and Pavilion Advisory Group, and each of their respective owners, officers, directors, managers, members, partners, employees, advisors, attorneys, agents, contractors, subcontractors and consultants. Released Parties are intended third party beneficiaries of this Settlement Agreement and are entitled to enforce its terms.

The Released Claims include all claims that were asserted or might have been asserted in the Class Action or would be barred by the principle of res judicata had the claims asserted been fully litigated and resulted in final judgment; and all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at [WEBSITE]. Generally, the release means that Class Members will not have the right to sue the Defendant, the Plan, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at [WEBSITE].

## 5.   How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper, or, if on [DATE] you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Net Settlement Amount will be divided into three portions based on the alleged damages: (1) 47% to the Money Market Fund Portion ("MMF Portion"); (2) 47% to the Recordkeeping and Investment Fee Portion ("Fee Portion"); and (3) 6% to the Principal Diversified Real Asset Fund Portion ("Principal Fund Portion"). The MMF Portion will be allocated among Class Members during the Class Period as follows: a percentage of the MMF Portion that is the product of the sum of the participant's quarter-ending account balances invested in the MMF for each quarter during the Class Period divided by the sum of quarter-ending net asset value of the MMF for each quarter during the Class Period. The Fee Allocation will be allocated among Class Members during the Class Period as follows: a percentage of Fee Portion that is the product of the sum of the participant's quarter-ending total account balances for each quarter during the Class Period divided by the sum of the quarter-ending net asset value of the Plan for each quarter during the Class Period. The Principal Fund Portion will be allocated among Class Members during the Class Period as follows: a percentage of the Principal Fund Portion that is the product of the sum of the participant's quarter-ending account balances

Exhibit 3

invested in the Principal Fund for each quarter during the Class Period divided by the sum of the quarter-ending net asset value of the Principal Fund for each quarter during the Class Period.

No amount shall be distributed to a Class Member that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at [WEBSITE].

There are approximately 50,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

| **6.   How Can I Receive My Distribution?** |
|---|

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant". **According to Philips' records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Settlement.**

| **7.   When Will I Receive My Distribution?** |
|---|

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur during the first half of 2019.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

| **8.   Can I Get Out Of The Settlement?** |
|---|

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

| **9.   Do I Have A Lawyer In The Case?** |
|---|

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **10.   How Will The Lawyers Be Paid?** |
|---|

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $5,666,666 in fees and $35,000 in costs. The Court will determine what fees and costs will be approved.

| **11.   How Do I Tell The Court If I Don't Like The Settlement?** |
|---|

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Ramsey, et al. v. Philips North America LLC,* Case No. 3:18-cv-01099-NJR-RJD. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than XXXXXX, 2018. The Court's address is Clerk of the Court, United States District Court, Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201. Your written objection also must be mailed to the lawyers listed below, **no later than XXXXXX, 2018.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

Exhibit 3

| CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON | Jeremy Blumenfeld |
| Attn: Philips North America 401(k) Settlement | MORGAN, LEWIS & BOCKIUS LLP |
| 100 S. Fourth St., Suite 1200 | 1701 Market Street |
| St. Louis, MO 63102 | Philadelphia, PA 19103 |
| _____@uselaws.com | jeremy.blumenfeld@morganlewis.com |
| Tel: (314) 621-6115 | Tel: (215) 963-5000 |
| Fax: (314) 621-5934 | Fax: (215) 963-5001 |

### 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at XXX p.m. on XXXX, 2018, at the United States District Court for the Southern District of Illinois, Courtroom XX, 750 Missouri Avenue, East St. Louis, IL 62201.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

### 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

### 14. May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Ramsey, et al. v. Philips North America LLC,* Case No. 3:18-cv-01099-NJR-RJD."  Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than XXXXX, 2018**.

### 15. What Happens If I Do Nothing At All?

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL NOT RECEIVE ANY MONEY.

### 16. How Do I Get More Information?

If you have general questions regarding the Settlement, you can visit this website:  [WEBSITE], call 1-XXXXXXX, or write to the Settlement Administrator at Philips North America 401(k) Settlement Administrator, _____.

7

Exhibit 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

TODD RAMSEY, *et al.*,

*Plaintiffs*,

vs.

PHILIPS NORTH AMERICA LLC,

*Defendant*.

No. 3:18-cv-01099-NJR-RJD

### NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**Your legal rights might be affected if you are a member of the following class:**

All persons who participated in the Philips North America 401(k) Plan (f/k/a Philips Electronics North America Corporation Employee Savings Plan) at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Philips North America 401(k) Plan at any time during the Class Period, and/or, Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Philips North America 401(k) Plan at any time during the Class Period.

The Class Period is defined as December 4, 2009 through the date of the Final Order approving the Class Action Settlement.  For purposes of this Notice, if not defined herein, capitalized terms have the Definitions in the Settlement Agreement, which is incorporated herein by reference.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Philips North America 401(k) Plan f/k/a Philips Electronics North America Corporation Employee Savings Plan (the "Plan") against Philips North America LLC, alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of Class Members who had accounts with a positive balance (an "Active Account") in the Plan as of May 11, 2018 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had Active Accounts as of May 11, 2018 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated May 11, 2018. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [WEBSITE]. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

1

Exhibit 4

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on XXXXXX, 2018, at XXXXX a.m., before U.S. District Court Judge XXXXXX in Courtroom XXXXX, United States Courthouse, 750 Missouri Avenue, East St. Louis, IL 62201.

- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendant's Counsel, as identified on page 5 of this Settlement Notice.

- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at [WEBSITE].

> **According to the Plan's records, you are a Former Participant. You must fill out the enclosed Claim Form in order to receive any portion of the Settlement Fund. If you believe this is incorrect, please contact the Settlement Administrator.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
| --- | --- |
| **IF YOU ARE A FORMER PARTICIPANT, YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM FORM BY XXXXX TO RECEIVE A DISTRIBUTION** | The Plan's records indicate you are a Former Participant. You must return a Former Participant Claim Form that is postmarked by XXXXXX in order to receive a check for your share of the Net Settlement Amount. If you are a Former Participant and you do not return the Former Participant Claim Form that is postmarked by XXXXXXX, you will forfeit your share of the Net Settlement Amount. A claim form also can also obtained by accessing [WEBSITE]. |
| **YOU CAN OBJECT (NO LATER THAN XXXXX, 2018)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON XXXX** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by XXXXX, 2018. |

### The Class Action

The case is called *Ramsey, et al. v. Philips North America LLC*, Case No. 3:18-cv-01099-NJR-RJD (the "Class Action"). The Court supervising the case is the United States District Court for the Southern District of Illinois. The individuals who brought this suit are called Class Representatives, and the entity they sued is called Defendant. The Class Representatives are current and former participants in the Plan. The Defendant is Philips North America LLC. The Class Representatives' claims are described below, and additional information about them is available at [WEBSITE].

### The Settlement

The Settlement was reached on May 11, 2018. Class Counsel filed this action on May 10, 2018. Over two years prior to the filing of this action, Class Counsel and Defendant's Counsel conducted an adversarial informal discovery process. Class Counsel reviewed and analyzed thousands of pages of documents provided by Defendant and also reviewed many other documents, including U.S. Department of Labor Forms 5500 and other publicly available documents. The Parties participated in mediation before a nationally recognized mediator who has extensive experience in resolving similar claims involving other 401(k) plans. Only after six months of extensive arm's length negotiation following the mediation were the parties able to agree to the terms of the Settlement.

As part of the Settlement, a Qualified Settlement Fund of $17,000,000 will be established to resolve the Class Action. The Net Settlement Amount is $17,000,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other

Exhibit 4

approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

In addition to the monetary component of the Settlement, the Parties to the Settlement have agreed to certain additional terms: (1) During the first eighteen months (18) following the final approval of the Settlement, Defendant has agreed that the Plan's fiduciaries will conduct a Request for Proposal ("RFP") process for recordkeeping services to the Plan; (2) Within the first year following final approval of the Settlement, Defendant has agreed to publish a communication to then current Plan participants explaining the risks and benefits of the Plan's money market fund investment option; (3) Defendant also will use an independent consultant familiar with fixed income investment options in defined contribution plans who will review the investment lineup and make recommendations to the Plan's fiduciaries regarding whether to retain the money market fund and whether to add a stable value or comparable fund; (4) In addition, during the three-year Settlement period, Defendant has agreed to provide Class Counsel a list of the Plan's investment options and fees; and (5) In considering investment options for the Plan, Defendant has agreed that the Plan's fiduciaries will consider: (a) the lowest-cost share class available for any particular mutual fund considered for inclusion in the Plan as well as other criteria applicable to different share classes; (b) the availability of revenue sharing rebates on any share class available for any particular mutual fund considered for inclusion in the Plan; and (c) the availability of collective trusts, to the extent such investments are permissible and are otherwise identical to a particular mutual fund considered for inclusion in the Plan.

**Statement Of Attorneys' Fees and Costs Sought in the Class Action**

Since mid-2015, Class Counsel have devoted many hours investigating potential claims and bringing this case. Class Counsel reviewed thousands of pages of documents produced in this case prior to filing of this action and thousands of publicly filed documents with the Department of Labor to support their claims. Class Counsel took the risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) monitor for three years compliance with the Settlement Agreement; (3) bring an enforcement action in court, if necessary, to insure compliance with the Settlement Agreement; and (4) do each of these without pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $5,666,666, in addition to no more than $35,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $15,000 each for seven Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, [WEBSITE]

**1.   Why Did I Receive This Settlement Notice?**

The Court caused this Settlement Notice to be sent to you because Philips' records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

Exhibit 4

| 2. | **What Is The Class Action About?** |

In the Class Action, Class Representatives claim that, during the Class Period, Defendant violated 29 U.S.C. §1104 by causing the Plan to pay excessive investment management and administrative fees, and that the Plan's fiduciaries should have made different investment option choices with regard to certain funds in the Plan's investment lineup.

Defendant has denied and continues to deny the claims and contentions of the Class Representatives, that it is liable at all to the Class, and that the Class or the Plan have suffered any harm or damage for which Defendant could or should be held responsible, as Defendant contends that it acted prudently and in keeping with its fiduciary responsibilities under ERISA by monitoring, reviewing and evaluating the Plan's investment options, by monitoring, reviewing and evaluating the administrative fees paid by the Plan, by eliminating or adding investment options when appropriate and by negotiating fees for administrative services for the Plan to ensure that the Plan paid reasonable fees for the services provided.

| 3. | **Why Is There A Settlement?** |

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendant have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendant's counsel, an all-day session with a private mediator and six months of additional arm's length negotiations. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

| 4. | **What Does The Settlement Provide?** |

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

In addition to the monetary component of the Settlement, as discussed above, Defendant agreed that the Plan's fiduciaries will conduct a RFP process for recordkeeping services to the Plan. Within the first year following final approval of the Settlement, Defendant has agreed to publish a communication to then current Plan participants explaining the risks and benefits of the Plan's money market fund investment option. Defendant also will use an independent consultant familiar with fixed income investment options in such plans who will review the investment lineup and make recommendations to the Plan's fiduciaries regarding whether to retain the money market fund and whether to add a stable value or comparable fund. In addition, during the three-year Settlement period, Defendant has agreed to provide Class Counsel a list of the Plan's investment options and fees. In considering investment options for the Plan, Defendant has agreed that the Plan's fiduciaries will consider: (1) the lowest-cost share class available for any mutual fund considered for inclusion in the Plan as well as other criteria applicable to different share classes; (2) the availability of revenue sharing rebates on any share class available for any mutual fund considered for inclusion in the Plan; and (3) the availability of collective trusts, to the extent such investments are permissible and are otherwise identical to a particular mutual fund considered for inclusion in the Plan

All Class Members and anyone claiming through them will fully release the Plan as well as Defendant and its "Released Parties" from "Released Claims."   The Released Parties include (a) Defendant and its insurers, (b) Defendant's past, present, and future parent corporation(s), Philips Electronics North America Corporation, Philips Lighting North America Corporation, Lumileds LLC, and Koninklijke Philips N.V., (c) affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns of Defendant, Philips Electronics North America Corporation, Philips Lighting North America Corporation, Lumileds LLC and Koninklijke Philips N.V., (d) with respect to (a) through (c) above, each of their respective boards of directors and managers, past, present and future members of the boards of directors, officers,

4

Exhibit 4

trustees, partners, agents, managers, members, shareholders (in their capacity as such), employees, independent contractors, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, employee benefit plan service providers (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them, (e) the Plan and its predecessors and successors, and (f) each of the Plan's fiduciaries, service providers, parties in interest, and investment consultants, including but not limited to Jeffrey R. Slocum & Associates and Pavilion Advisory Group, and each of their respective owners, officers, directors, managers, members, partners, employees, advisors, attorneys, agents, contractors, subcontractors and consultants. Released Parties are intended third party beneficiaries of this Settlement Agreement and are entitled to enforce its terms.

The Released Claims include all claims that were asserted or might have been asserted in the Class Action or would be barred by the principle of res judicata had the claims asserted been fully litigated and resulted in final judgment; and all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at [WEBSITE]. Generally, the release means that Class Members will not have the right to sue the Defendant, the Plan, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at [WEBSITE].

| 5. | How Much Will My Distribution Be? |
|---|---|

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper, or, if on [DATE], you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Net Settlement Amount will be divided into three portions based on the alleged damages: (1) 47% to the Money Market Fund Portion ("MMF Portion"); (2) 47% to the Recordkeeping and Investment Fee Portion ("Fee Portion"); and (3) 6% to the Principal Diversified Real Asset Fund Portion ("Principal Fund Portion"). The MMF Portion will be allocated among Class Members during the Class Period as follows: a percentage of the MMF Portion that is the product of the sum of the participant's quarter-ending account balances invested in the MMF for each quarter during the Class Period divided by the sum of quarter-ending net asset value of the MMF for each quarter during the Class Period. The Fee Allocation will be allocated among Class Members during the Class Period as follows: a percentage of Fee Portion that is the product of the sum of the participant's quarter-ending total account balances for each quarter during the Class Period divided by the sum of the quarter-ending net asset value of the Plan for each quarter during the Class Period. The Principal Fund Portion will be allocated among Class Members during the Class Period as follows: a percentage of the Principal Fund Portion that is the product of the sum of the participant's quarter-ending account balances invested in the Principal Fund for each quarter during the Class Period divided by the sum of the quarter-ending net asset value of the Principal Fund for each quarter during the Class Period.

No amount shall be distributed to a Class Member that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at [WEBSITE].

There are approximately 50,000 Class Members.

Exhibit 4

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

| | |
|---|---|
| **6.** | **How Can I Receive My Distribution?** |

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to Philips' records, you are a Former Participant. Therefore, you need to return your Claim Form to receive your share of the Settlement.**

| | |
|---|---|
| **7.** | **When Will I Receive My Distribution?** |

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur during the first half of 2019.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

| | |
|---|---|
| **8.** | **Can I Get Out Of The Settlement?** |

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

| | |
|---|---|
| **9.** | **Do I Have A Lawyer In The Case?** |

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

| | |
|---|---|
| **10.** | **How Will The Lawyers Be Paid?** |

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $5,666,666 in fees and $35,000 in costs. The Court will determine what fees and costs will be approved.

| | |
|---|---|
| **11.** | **How Do I Tell The Court If I Don't Like The Settlement?** |

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Ramsey, et al. v. Philips North America LLC,* Case No. 3:18-cv-01099-NJR-RJD. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than XXXXXX, 2018. The Court's address is Clerk of the Court, United States District Court, Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201. Your written objection also must be mailed to the lawyers listed below, **no later than XXXXXX, 2018.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

Exhibit 4

| CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: Philips North America 401(k) Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>_____@uselaws.com<br>Tel: (314) 621-6115<br>Fax: (314) 621-5934 | Jeremy Blumenfeld<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>jeremy.blumenfeld@morganlewis.com<br>Tel: (215) 963-5000<br>Fax: (215) 963-5001 |

### 12.  When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at XXX p.m. on XXXX, 2018, at the United States District Court for the Southern District of Illinois, Courtroom XX, 750 Missouri Avenue, East St. Louis, IL 62201.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

### 13.  Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

### 14.  May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Ramsey, et al. v. Philips North America LLC,* Case No. 3:18-cv-01099-NJR-RJD."  Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than XXXXX, 2018**.

### 15.  What Happens If I Do Nothing At All?

If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.

**If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY.**

### 16.  How Do I Get More Information?

If you have general questions regarding the Settlement, you can visit this website:  [WEBSITE], call 1-XXXXXXX, or write to the Settlement Administrator at Philips North America 401(k) Settlement Administrator, _____.

Exhibit 4

# Exhibit 5

# Placeholder for Proposed Final Approval Order

**Philips North America 401(k) Plan**

*To: Philips 401(k) Plan Participants*

Yesterday, a plaintiffs' law firm filed a lawsuit in the Southern District of Illinois relating to the Philips North America 401(k) Plan (the "Plan").  We expect the plaintiffs' law firm to file in the next week a motion with the court to approve a proposed settlement of the lawsuit for $17 million and certain non-monetary relief.  The settlement was agreed to in principle by the plaintiffs' law firm and Philips after an extensive document review process by the plaintiffs' law firm and a mediation with the assistance of an independent national mediator.

The complaint alleges that the Plan paid excessive investment management and administrative fees, and that the Plan's fiduciaries should have made different investment option choices with regard to certain funds in the Plan's investment line up.

Philips believes it has acted prudently and in the best interest of Plan participants in monitoring the fees assessed to Plan participants and in selecting and monitoring the Plan's investment options.  However, to avoid a protracted lawsuit and to put additional money toward Plan participants' retirement savings rather than spending it on a costly legal battle, Philips decided to reach a resolution on this matter with the plaintiffs' law firm.

If the court approves the settlement, a settlement administrator will be appointed and you will receive communications from the appointed administrator outlining the distribution of settlement proceeds.  If you have a Plan account at the time that the settlement is distributed, your portion of the settlement proceeds will be deposited directly into your Plan account.  At that point will you be able to determine your portion of the settlement proceeds.

Please be assured that, during the settlement approval and distribution process, your employee contributions (if elected) will continue to be made to your account, the Company matching contribution remains the same, and your account will continue to be invested as you have directed.

For more information on the Philips 401(k) Plan, including the fees charged under the Plan, please refer to the Summary Plan Description and the 2018 Fee Disclosure notice on the Philips Portal.  Copies of mutual fund prospectuses can be obtained by contacting Vanguard Participant Services at (800) 523-1188.

Please note: All future information on this matter will be provided by the settlement administrator or the plaintiffs' law firm.  We also expect that a settlement web site will be established to provide you with additional information.  **Neither Philips People Services nor Vanguard can provide you with any additional information on this litigation matter.**

*This document contains only highlights of the Philips benefit plans. For detailed information on a benefit plan, please consult your summary plan description and the official plan document for that plan. In the event of a discrepancy between the official plan document and this document, the official plan document will control. Receipt of this document does not guarantee eligibility for any Philips sponsored plan or program of benefits. Eligibility for and entitlement to a benefit is governed by the terms of the official plan document. Philips reserves the right to modify, or terminate completely, any benefit plan, at any time and without notice. This document does not constitute an express or implied contract of employment. Your employment remains at will.*

Exhibit 6

# Morgan Lewis

**Christopher M. Varano**
Associate
+1.215.963.5942
Christopher.varano@morganlewis.com

April __, 2018

**VIA FEDEX**

[INSERT ADDRESS]

Re:     *[INSERT] v. Philips North America LLC*
        Case No. [INSERT] (S.D. Ill.)
        <u>Notice Pursuant to 28 U.S.C. § 1715</u>

Dear [INSERT]:

We represent Defendant Philips North America LLC ("Defendant") in the above-captioned action (the "[INSERT] Action"). Pursuant to 28 U.S.C. § 1715, this notice is to inform you of a proposed class action settlement of the [INSERT] Action, a lawsuit currently pending in the United States District Court for the Southern District of Illinois ([INSERT], J.; [INSERT], M.J.), in which the plaintiffs alleged that Philips breached its fiduciary duties to the Plan and Plan participants under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq. ("ERISA").

In accordance with 28 U.S.C. § 1715(b), Defendant states as follows:

**(1)     The Complaint and any materials filed with the Complaint.**

The complaint in the [INSERT] Action, as well as all attachments thereto, is contained on the enclosed CD in the folder labeled <u>Tab 1</u>. In addition, the complaint and all other pleadings and records filed in the [INSERT] Action are available on the internet through the federal government's PACER service at [INSERT]. Additional information about the PACER service may be found at https://www.pacer.gov.

**(2)     Notice of any scheduled judicial hearing in the class action.**

As of the time and date of the transmittal of this notice, no judicial hearings are presently scheduled. Plaintiffs in the [INSERT] Action filed an unopposed motion for preliminary approval of the proposed class action settlement on [DATE]. The Court has not yet acted on the motion or set a hearing date. If any hearings are scheduled, information concerning the date, time, and location of those hearings will be available through PACER and can be accessed as described in section (1) above.

**Morgan, Lewis & Bockius** LLP

1701 Market St.
Philadelphia, PA  19103
United States

**T** +1.215.963.5000
**F** +1.215.963.5001

Exhibit 7

[INSERT]
April __, 2018
Page 2

**(3)      Any proposed or final notification to class members.**

The proposed form of direct notice to class members, which provides notice of the proposed settlement and each class member's right to object to the class action, is included on the enclosed CD in the folder labeled <u>Tab 2</u>.  The Court has not yet approved the proposed form of notice.  Because the proposed settlement class would likely be certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure, the notice explains that there is no right to request exclusion from the settlement.

**(4)      Any proposed or final class action settlement.**

The parties' proposed class action settlement agreement dated as of [DATE] ("Settlement Agreement"), is included on the enclosed CD in the folder labeled <u>Tab 3</u>.  The Court has not yet granted preliminary or final approval of the settlement.

**(5)      Any settlement or other agreement contemporaneously made between class counsel and counsel for Defendant.**

There are no additional agreements between class counsel and counsel for Defendant, other than those reflected in the Settlement Agreement.

**(6)      A final judgment or notice of dismissal.**

No final judgment or notice of dismissal has yet been entered in the [INSERT] Action.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed as described in section (1) above.

**(7)      Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

A list of the names of class members who reside in each state, based on the last mailing address for each known to Defendant, and an estimate of the proportionate share of the claims of such class members to the entire settlement is included in <u>Tab 4</u> of the enclosed CD.

Defendant's estimate of the number of class members and proportionate share of the claims of such class members, aggregated by state, is enclosed in the folder labeled <u>Tab 5</u> ("Estimated Class Members by State").

**(8)      Any written judicial opinion relating to the materials described in sections (3) through (6).**

No written judicial opinions have been issued relating to the proposed settlement as of this time.

Inasmuch as certain documents on the enclosed CD contain confidential information, it has been encrypted and password-protected.  Decryption instructions and the password will be sent under separate cover

Thank you for your attention to this matter.

Exhibit 7

[INSERT]
April ___, 2018
Page 3

Sincerely,


Christopher M. Varano


Enclosures

Exhibit 7