IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD RAMSEY, FREDERICK BUTLER, MARTA NELSON, DIANE LEWIS, SIMONE ADAMS, KASANDRA ADAMS, BRIAN ADAMS, individually and as representatives of a class of similarly situated persons of, and behalf of, the Philips North America 401(k),<br><br>Plaintiffs,<br><br>vs.<br><br>PHILIPS NORTH AMERICA LLC,<br><br>Defendant. | Case No. 18-CV-1099-NJR-RJD |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

This litigation involves claims for alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, with respect to the Philips North America 401(k) Plan. Plaintiffs allege that Defendant Philips North America LLC violated its duties under ERISA by, *inter alia*, allowing excessive fees, imprudently offering a money market fund as the Plan's sole capital preservation investment option, and imprudently selecting and maintaining an investment option that had an insufficient performance history and subsequently underperformed. Defendant denies and continues to deny the claims and contentions of the Class Representatives, that it is liable at all to the Class, and that the Settlement Class or the Plan has suffered any harm or damage for which Defendant

could be held responsible, as Defendant contends that it acted prudently and in keeping with its fiduciary responsibilities under ERISA by monitoring, reviewing, and evaluating the Plan's investment options, by monitoring, reviewing, and evaluating the administrative fees paid by the Plan, by eliminating or adding investment options when appropriate, and by negotiating fees for administrative services for the Plan to ensure that the Plan paid reasonable fees for the services provided.

The parties seek preliminary approval of a settlement of these claims against Defendant (the "Settlement"). The terms of the Settlement are set out in a Class Action Settlement Agreement dated May 11, 2018 (the "Settlement Agreement") (Doc. 7-1), executed by the parties and their counsel.

The Court has considered the proposed settlement. For purposes of this Order, if not defined below, capitalized terms have the Definitions in the Settlement Agreement, which is incorporated by reference. Having reviewed the Settlement Agreement and the motion papers, and having conducted a hearing in open Court on June 12, 2018, it is **ORDERED** as follows.

1. **Class Findings**: Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met as to the Settlement Class, which is defined as:

A. All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during

the Class Period. As defined under Section 2.12 of the Settlement Agreement, the Class Period is defined as December 4, 2009, through the date of the order and final judgment approving the Settlement Agreement.

B.      The Court finds that Rule 23(a)(1) is satisfied because there are over 25,000 potential class members making joinder impracticable.

C.      The Court finds that Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plan, not only as to individual participants, including: whether the fiduciaries to the Plan breached their duties; what are the losses to the Plan resulting from each breach of duty; and what Plan-wide equitable and other relief the Court should impose in light of Defendant's breach of duty.

D.      The Court finds that Rule 23(a)(3) is satisfied because the claims of the Class Representatives are typical of the claims of the Settlement Class because they all arise from Plan-level course of conduct—Defendant's use of retail-class mutual funds, alleged failure to monitor and control the Plan's administrative fees, and alleged failure to ensure that only prudent investments were included in the Plan.

E.      The Court finds that Rule 23(a)(4) is satisfied because there is no conflict between Plaintiffs' individual interests and the interests of the class. Instead, they share the same objectives, share the same factual and legal positions, and share the same interest in establishing Defendant's liability. Additionally, Plaintiffs' counsel are qualified, reputable, and have extensive experience in ERISA fiduciary breach class actions such as this one.

F. The Court finds that, as required by Rule 23(b)(1), individual members of the Settlement Class pursuing their own claims could result in inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for Defendant, and that adjudication as to individual class members would, as a practical matter, be dispositive of the interest of other members not parties to the individual adjudications, or would substantially impair or impeded those persons' ability to protect their interests.

G. The Court finds that Rule 23(g) is satisfied because the law firm Schlichter, Bogard & Denton, LLP, is capable of fairly and adequately representing the interests of the Settlement Class. Class Counsel has done extensive work on this case. For over two years before this case was filed, Class Counsel engaged in an adversarial discovery process to investigate the underlying merit of Plaintiffs' claims and Defendant's defenses. Class counsel is experienced in these types of cases and is knowledgeable of the applicable law.

2. **Settlement Class Certification**: The Court certifies the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1):

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.

3. **Appointment of Class Representatives and Class Counsel**: The Court appoints the Class Representatives to represent the Settlement Class, and Schlichter, Bogard & Denton, LLP, as Class Counsel pursuant to Federal Rule of Civil

Procedure 23(g).

4. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

    A.    The proposed settlement resulted from extensive arm's-length negotiations;

    B.    The Settlement Agreement was executed only after Class Counsel had conducted pre-settlement discovery over more than two (2) years, and after negotiations had continued within that period for months, including an in-person mediation session with a nationally recognized private mediator, and extensive telephonic and email communications with and without a skilled mediator;

    C.    Class Counsel has concluded that the Settlement Agreement is fair, reasonable, and adequate; and

    D.    The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

5.    **Final Fairness Hearing**: A Final Fairness Hearing is scheduled for **October 12, 2018, at 10:00 a.m.**, to determine, among other issues:

    A.    Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

    B.    Whether the notice, publication notice, and notice methodology were performed as directed by this Court;

    C.    Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved;

D. Whether the motion for compensation to Class Representatives should be approved; and

E. Whether the Administrative Expenses specified in the Settlement Agreement and requested by the parties should be approved for payment from the Settlement Fund.

6. **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the parties in the Settlement Agreement and is hereby established and shall be known as the *Ramsey, et al. v. Philips North America LLC* Litigation Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $17,000,000.00 and any interest earned thereon. The Settlement Fund shall be administered as follows:

A. The Settlement Fund is established exclusively for the purposes of: (a) making distributions to Class Representatives and Settlement Class Members as specified in the Settlement Agreement; (b) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (c) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court in this action; and (d) paying employment, withholding, income and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the

Settlement Effective Date.

B. Within the time period set forth in the Settlement Agreement, Defendant shall deposit $17,000,000 into the Settlement Fund.

C. The Settlement Fund shall be a single qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 *et seq*. Defendant shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2) (a "§ 1.468B-3 Statement"), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendant makes a transfer to the Settlement Fund.

D. Defendant shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in this Order. Moreover, Defendant shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) its obligation to cause the Settlement Amount to be paid no later than the date specified above; and (2) its agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement.

E. The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order.

F. The Settlement Amount caused to be paid by Defendant into the

Settlement Fund pursuant to the Settlement Agreement, and all income generated by that Amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term, and Defendant has divested itself of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the Parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to the entity that funded the Settlement Fund. Further provided that, if the Settlement Agreement is terminated after Defendant has deposited the $17,000,000, but prior to the entry of an order granting Final Approval of the Settlement, the funds in the Settlement Fund shall be disposed of as set forth in the Settlement Agreement.

G. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

H. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the

Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

    I.    The Settlement Fund shall be used to make payments to Settlement Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Settlement Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses, and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

    J.    The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, pursuant to the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

K. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

L. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

M. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement

Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

N. The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state, and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

O. This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require Defendant to make any further payment of any nature into the Settlement Fund or

otherwise.

7. **Class Notice**: The Settling Parties have presented to the Court proposed forms of Class Notice, which are appended to the Settlement Agreement as Exhibits 3 and Exhibit 4, respectively. The Settling Parties also have presented a proposed Publication Notice, appended to this Order as Exhibit 6.

    A.    The Court finds that the proposed forms and the proposed website referenced in the Class Notice fairly and adequately:

        i.    Describe the terms and effect of the Settlement Agreement and of the Settlement;

        ii.    Notify the Settlement Class concerning the proposed Plan of Allocation;

        iii.    Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives, Attorneys' Fees and Costs;

        iv.    Notify the Settlement Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

        v.    Give notice to the Settlement Class of the time and place of the Final Fairness Hearing; and

        vi.    Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Parties to discovery concerning such objections.

    B.    The Settling Parties have proposed the following manner of

communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the Settlement Administrator shall, by no later than **sixty (60) days** before the Final Fairness Hearing, cause the Class Notice, with such non-substantive modifications as may be agreed upon by the Settling Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through commercially reasonable means. Defendant shall cooperate with the Settlement Administrator by providing, in electronic format, the names, addresses, and Social Security numbers or other unique identifiers of members of the Settlement Class. The names, addresses, and Social Security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

  C. For any Class Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number or other unique identifier to attempt to determine the current address of the Person and shall mail notice to that address.

  D. At or before the Final Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

  E. The Court directs Class Counsel, no later than **August 13, 2018**, to cause the Class Notice to be published on the proposed website referenced in the Class

Notice.

8. **Objections to Settlement**: Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must file an Objection in the manner set out in this Order.

    A. A member of the Settlement Class wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must do the following: (A) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

    Clerk of the Court
    United States District Courthouse
    750 Missouri Avenue
    East St. Louis, IL 62201

    SCHLICHTER, BOGARD & DENTON, LLP
    Attn: Philips North America LLC ERISA Settlement
    100 S. 4th Street, Ste. 1200
    St. Louis, MO 63102
    *Attorneys for Plaintiffs*

    MORGAN, LEWIS & BOCKIUS LLP
    Attn: Jeremy Blumenfeld
    1701 Market Street
    Philadelphia, PA 19103
    *Attorneys for Defendant*

B. The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court by no later than **September 12, 2018**.

C. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than **September 12, 2018**.

D. Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E. Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) days of the request being served on the objector.

F. Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than **October 2, 2018**.

9. **Appearance at the Final Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 5 above also may appear at the Final Fairness Hearing either in person or

through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Final Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendant's counsel (at the addresses set out above) and file it with the Court by no later than **October 2, 2018**. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Final Fairness Hearing.

10. **Claim Form Deadline**: All valid claim forms must be received by the settlement administrator with a postmark date no later than **October 7, 2018**.

11. **Service of Papers**: Defendant's counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

12. **Termination of Settlement**: This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, if the Settlement is terminated in accordance with the Settlement Agreement.

13. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by

or against Named Plaintiffs or the Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant to class certification in the event that the Settlement Agreement is terminated.

14. **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendant, the Released Parties, or the Plan.

15. **Class Action Fairness Act Notice:** The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 7 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendant's obligations pursuant to CAFA.

16. **Continuance of Hearing**: The Court may continue the Final Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel, and any class member wishing to appear should check the Court's docket or call the Clerk's office **three (3) days** before the scheduled date of the Final Fairness Hearing.

For the reasons set forth above and expressed at the record on the June 12 hearing, the Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 7) and Plaintiffs' Unopposed Motion for Certification of Settlement Class and Motion for

Appointment of Schlichter, Bogard & Denton, LLP, as Class Counsel (Doc. 14) are **GRANTED**.

**IT IS SO ORDERED.**

DATED:   June 12, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**