IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD RAMSEY, FREDERICK BUTLER, MARTA NELSON, DIANE LEWIS, SIMONE ADAMS, KASANDRA ADAMS, and BRIAN ADAMS, individually and as representatives of a class of similarly situated persons of, and on behalf of, the Philips North America 401(k) Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILIPS NORTH AMERICA LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No. 18-CV-1099-NJR-RJD<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Expenses and for Case Contribution Awards for Named Plaintiffs (Doc. 20). In this Motion, Class Counsel requests that the Court approve a fee for its role in obtaining a settlement of class claims under the Employee Retirement Income Security Act ("ERISA"). The settlement provides a $17 million monetary recovery for the benefit of over 50,000 current and former participants in the Philips North America 401(k) Plan (the "Plan"), as well as significant affirmative relief designed to reduce fees and improve investment offerings.

Class Counsel has asked this Court to approve a fee award of $5,666,666, which constitutes one-third of the $17 million monetary settlement obtained. Additional improvements to the Plan as a result of the litigation and settlement bring the true value to the Class far higher than that amount. Class Counsel also has asked this Court to award it

$35,000 for outstanding expenses and to approve incentive awards of $15,000 each to Class Representatives Todd Ramsey, Frederick Butler, Marta Nelson, Diane Lewis, Simone Adams, Kasandra Adams, and Brian Adams.

## BACKGROUND

In accordance with the Settlement Agreement and the Court's Preliminary Approval Order, Class Counsel directed the mailing of individual notices to the Class and created a website to provide information to the Class. Individual notices were mailed to 55,750 potential Class Members, yet only one filed any response at all to Class Counsel's request for fees and costs (*see* Doc. 22).[1] That response was not actually an objection but a request to opt out of the settlement, which is not permitted in the context of a class certified under Federal Rule of Civil Procedure 23(b)(1), as is the case here (*see* Doc. 19 at 4). This Court finds the lack of <u>any</u> objections to be a remarkable sign of the Class's overwhelming support for Class Counsel's request. This is particularly true as the response rate among those Class Members required to return a claim form—former participants—has exceeded 17%. This indicates a successful notice campaign and a Class mobilized and interested in the full resolution of this case.

Over the past twelve years, Class Counsel have demonstrated an unwavering commitment and ability to zealously represent American workers and retirees seeking to recover losses incurred due to retirement plan mismanagement and to improve their plans for current and future employees. Before Jerome Schlichter and the firm of Schlichter Bogard & Denton filed a series of cases in 2006 regarding excessive fees in 401(k) plans, there had

---

[1] Current participants were not required to do anything to receive their share of the settlement.

never been a case brought for excessive fees in a 401(k) plan by any lawyer in the United States or by the Department of Labor ((Declaration of Karen W. Ferguson, Pension Rights Center, Doc. 21-4, at 4 ¶12).[2] Jerome Schlichter and the firm of Schlichter Bogard & Denton have now firmly established their reputation as the "pioneer and the leader in the field of retirement Plan litigation." *Abbott v. Lockheed Martin Corp.*, No. 06-701, 2015 U.S. Dist. LEXIS 93206, at *8 (S.D. Ill. July 17, 2015) (Reagan, C.J.). They are "experts in ERISA litigation" with extraordinary skill and determination required to litigate these complex cases. *Krueger v. Ameriprise Fin., Inc.*, No. 11-2781, 2015 U.S. Dist. LEXIS 91385, at *6 (D. Minn. July 13, 2015). The work of Jerome Schlichter and Schlichter Bogard & Denton "illustrates an exceptional example of a private attorney general risking large sums of money and investing thousands of hours for the benefit of employees and retirees." *Will v. General Dynamics Corp.*, No. 06-698, 2010 U.S. Dist. LEXIS 123349, at *8 (S.D. Ill. Nov. 22, 2010) (J. Murphy).

Further, the commitment of vast resources in the face of vigorous resistance by employers for more than a decade forms the backdrop for this case (*see, e.g., Tussey v. ABB, Inc.* – the first full trial of any 401(k) excessive fee case, which is being handled by Schlichter Bogard & Denton, continues today after two appeals and 12 years). For the reasons set forth below, the Court grants Class Counsel's Motion (Doc. 20).

---

[2] As stated by Karen W. Ferguson, Director of the national non-profit Pension Rights Center, "Starting in the mid-1980's there was a sea change in the American retirement system. There was an explosive growth in the use of 401(k) plans, first alongside traditional pension plans, and, in the last two decades, often in place of pension plans. Today, there are over 5 trillion dollars invested in 401(k) plans. These plans have presented new challenges. Unlike traditional defined benefit pension plans that generally guarantee a specific amount at the time of retirement, defined contribution plans, such as 401(k) plans, do not provide a guaranteed benefit. Rather, the amount accumulated in a person's 401(k) account is dependent on the amounts contributed and investment earning net of fees. In a pension plan the employer's money is at risk, while in a 401(k) plan, it is the employee's money that is at risk. In a 401(k) plan, if fees are high or investments are imprudent, the employee pays the price." (Doc. 21-4, ¶ 7). Because the employees' money is at risk, it is especially important for employers to be held to the standard required by ERISA that fees be reasonable, and investments be prudent.

## DISCUSSION

Under the "common-fund" doctrine, class counsel is entitled to a reasonable fee drawn from the commonly held fund created by a settlement for the benefit of the class. *See, e.g., Boeing Co. v. VanGemert*, 444 U.S. 472, 478 (1980). The United States Court of Appeals for the Seventh Circuit has found that attorneys' fees based on the common fund doctrine are appropriate in ERISA cases. *See Florin v. Nationsbank*, 34 F.3d 560, 563 (7th Cir. 1994). A court also must consider the overall benefit to the Class, including non-monetary benefits, when evaluating the fee request. *Spano v. Boeing Co.*, No. 06-743, 2016 U.S. Dist. LEXIS 161078, at *5 (S.D. Ill. Mar. 31, 2016) (J. Rosenstengel) (citing Manual for Complex Litigation, Fourth, § 21.71, at 337 (2004)). This is important so as to encourage attorneys to obtain meaningful affirmative relief.

Class Counsel's efforts to secure the settlement added significant material value to the Plan participants. It has and will continue to benefit the Class, as well as future Plan participants, year after year in the future.

In determining whether to grant a fee application in a class action settlement, the Seventh Circuit Court of Appeals requires the Court to determine whether a requested fee is within the range of fees that would have been agreed to at the outset of the litigation in an arms-length negotiation, given the risk of nonpayment and the normal rate of compensation in the market at the time. *See In re Synthroid Marketing Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). In common fund cases, "the measure of what is reasonable [as an attorney fee] is what an attorney would receive from a paying client in a similar case." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000). "[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would

receive if he were selling his services in the market rather than being paid by court order." *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992). This requires the district judge to "ascertain the appropriate rate for cases of similar difficulty and risk, and of similarly limited potential recovery." *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986).

When determining a reasonable fee in common fund cases, the Seventh CircuitCourt of Appeals uses the percentage basis rather than a lodestar or other basis. *See Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998); *see also Florin*, 34 F.3d at 566 (but leaving to the discretion of the district court the determination as to which method is the most efficient and suitable in a given case). "A one-third fee is consistent with the market rate in settlements concerning this particularly complex area of law." *Spano,* 2016 U.S. Dist. LEXIS 161078, at *7 (quoting *Abbott*, 2015 U.S. Dist. LEXIS 93206, at *7); *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 U.S. Dist. LEXIS 12037, at *10 (S.D. Ill. Jan. 31, 2014) (J. Herndon); *Will,* 2010 U.S. Dist. LEXIS 123349, at *9 (finding that in ERISA 401(k) fee litigation, "a one-third fee is consistent with the market rate"). Comprising 33 1/3% of the monetary recovery, and far less when non-monetary relief is considered, as it must be, Class Counsel's fee application is reasonable.

Class Counsel's fee request is justified in this case given the extraordinary risk counsel accepted in agreeing to represent the Class; the fact that Class Counsel brought this kind of case when no one else had; Class Counsel's demonstrated willingness to devote tremendous resources for many years to the case as it has done in other cases (*see, e.g., Tussey, supra*); the substantial monetary recovery; and the additional value of the future relief included in this settlement to Plan participants.

A $5,666,666 fee would be justified without considering non-monetary benefits to the Class, however, the Court notes that these benefits are real and significant enhancements that

must be considered. Dr. Stewart Brown, Professor Emeritus of Finance at Florida State University, calculated the recordkeeping fee savings and the additional growth in Plan assets through the offering of a stable value fund (*See* Doc. 21-5). Dr. Brown concluded that the affirmative relief under the terms of the settlement provides a combined present value to the Class of up to $19,963,445. Accounting for these benefits, as the Court is required to do, the requested fee is just 14% of the monetary relief, far less than 33 1/3% of the total value of the settlement to the Class.

The law firm Schlichter Bogard & Denton earned its reputation as the authority in the 401(k) excessive fee case and then demonstrated skill and determination in obtaining this result for the Class. Class Counsel performed substantial work for over two years before filing suit, including developing potential claims, analyzing thousands of pages of documents produced during the informal discovery process and from the Plan administrator, and analyzing thousands of financial documents obtained from public sources. Class Counsel devoted the same resources to intensely developing this case as if it had been litigated through formal channels. The favorable result to the Class is evidence of those efforts.

This Court believes that the early settlement in this case was reached due to Schlichter Bogard & Denton's established reputation as "the preeminent firm in 401(k) litigation," *Nolte v. Cigna, Corp.*, No. 07-2046, 2013 U.S. Dist. LEXIS 184622, at *8 (C.D. Ill. Oct. 15, 2013) (J. Baker), and its attorneys' skill and perseverance in litigating similar 401(k) excessive fee cases. Karen Ferguson, the Director of the national non-profit Pension Rights Center, opined that this record of success enabled Schlichter Bogard & Denton to obtain the early favorable settlement in this case (Doc. 21-4 ¶20). This Court agrees that it is because of Schlichter Bogard & Denton's unparalleled record of success and perseverance, including winning in a

Page **6** of **11**

unanimous decision the only Supreme Court 401(k) excessive fee case in history (*Tibble v. Edison*, 135 S.Ct. 1823 (2015)), that Mr. Schlichter's firm was able to obtain this early very favorable result. The Pension Rights Center is aware of no private law firm that could have obtained the same relief on behalf of the Class (Doc. 21-4 at 8 ¶24), and this Court agrees.

Accordingly, in evaluating the requested attorneys' fees, it is important that Class Counsel not be penalized where its record of success produces an early settlement and favorable result for the Class. This early settlement greatly benefits the Class by avoiding years of hard-fought litigation and substantial litigation expenses. It also guarantees substantial recovery without years of delay and risk of non-payment, and it improves the Plan years before the improvements would have occurred if there had been a later settlement or judgment. And it certainly benefits the Court by conserving limited judicial resources.

The law firm Schlichter Bogard & Denton has significantly improved 401(k) plans across the country by bringing cases such as this one, which have "educated plan administrators, the Department of Labor, the courts and retirement plan participants about the importance of monitoring recordkeeping fees." *Tussey v. ABB, Inc.*, 2015 U.S. Dist. LEXIS 164818, at *7–8 (W.D. Mo. Dec. 9, 2015). "The fee reduction attributed to Schlichter Bogard & Denton's fee litigation and the Department of Labor's fee disclosure regulations approach $2.8 billion in annual savings for American workers and retirees." *Nolte*, 2013 U.S. Dist. LEXIS 184622, at *6 (J. Baker). Schlichter Bogard & Denton has left an indelible mark on the 401(k) industry by bringing comprehensive changes to fiduciary practices in order to ensure that employees and retirees have the opportunity to save for retirement through prudently administered retirement programs.

The use of a lodestar cross-check is no longer recommended in the Seventh Circuit.

*See In re Synthroid Marketing Litig.*, 325 F.3d 974, 979–80 ("The client cares about the outcome alone," and class counsel's efficiency should not be used "to reduce class counsel's percentage of the fund that their work produced."); *Beesley*, 2014 U.S. Dist. LEXIS 12037, at *10 ("The use of a lodestar cross-check has fallen into disfavor."); *Will*, 2010 U.S. Dist. LEXIS 123349, at *10 ("The use of a lodestar cross-check in a common fund case is unnecessary, arbitrary, and potentially counterproductive."). Nevertheless, this Court finds that Class Counsel spent 5,380.80 attorney hours and 158.30 hours of non-attorney professional time litigating this case (Doc. 21, p. 24).[3] Class Counsel also will spend substantial time over the next three years, because Class Counsel is committed to monitor compliance by Defendant with the terms of the settlement agreement and has committed to do that and to bring an enforcement action if needed without cost to the Class.

If a lodestar cross-check is done, this Court finds that a national market rate is the relevant community for determining a reasonable hourly rate for this specialized area of complex litigation. *Beesley*, 2014 U.S. Dist. LEXIS 12037, at *11. Although using a lodestar cross-check is disfavored, this Court finds that the reasonable hourly rates for Class Counsel's services at this time are as follows:   for attorneys with at least 25 years of experience, $1,060 per hour; for attorneys with 15–24 years of experience, $900 per hour; for attorneys with 5–14 years of experience, $650 per hour; for attorneys with 2–4 years of experience, $490 per hour; for Paralegals and Law Clerks, $330 per hour.[4]

---

[3] "The Court may rely on summaries submitted by attorneys and need not review actual billing records." *Abbott*, 2015 U.S. Dist. LEXIS 93206, at n.1 (citing authority).

[4] These 2018 rates reflect a modest increase (3% annual) from those previously approved by the Court for Class Counsel in 2016. *Spano*, 2016 U.S. Dist. LEXIS 161078, at *10–11 (finding that the reasonable hourly rate was $998/hour for attorneys with at least 25 years of experience, $850/hour for attorneys with 15–24 years of experience, $612/hour for attorneys with 5–14 years of experience, $460/hour for attorneys with 2–4 years of

Sanford Rosen, a recognized expert in attorney fee litigation, opined that these rates are well within the rates charged by national attorneys of equivalent skill and expertise (Doc. 21-3 ¶52). He provided independent market data to verify the reasonableness of the requested rates, and also opined that for complex cases, such as this one, a national rate applies.

Based on the requested rates, the lodestar value for Class Counsel's services with no enhancement for risk would be $3,305,914. Class Counsel's fee request for $5,666,666 represents a risk multiplier of only 1.7. "In risky litigation such as this, lodestar multipliers can be reasonable in a range between 2 and 5." *Spano*, 2016 U.S. Dist. LEXIS 161078, at *11. *See also McClaran v. Carolina Ale House Operating Co.*, Case No. 14-3884, 2015 U.S. Dist. LEXIS 112985, at *6 (D.S.C. Aug. 26, 2015) ("Courts have generally held that a lodestar multiplier falling between 2 and 4.5 demonstrate a reasonable attorney's fees."); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 103, 123 (2d Cir. 2005) (approving multiplier of 3.5); Theodore Eisenberg & Geoffrey P. Miller, *Attorneys' Fees and Expenses in Class Action Settlements: 1993-2008*, 7 J. Empirical Legal Stud. 248, 272 (Table 14) (2010) (from 1993–2008, the mean multiplier in class actions in the Seventh Circuit was 1.85). Class Counsel's fee request with a risk multiplier of 1.7 is demonstrably reasonable.

This Court further finds that the $35,000 in expenses for which Class Counsel seeks reimbursement were reasonable and necessary. "It is well established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses, which includes such things as expert witness costs; computerized research; court

---

experience, $309/hour for Paralegals and Law Clerks, and $190/hour for Legal Assistants).

reporters; travel expense; copy, phone and facsimile expenses and mediation." *Abbott*, 2015 U.S. Dist. LEXIS 93206, at *13 (citing FED. R. CIV. P. 23). Based on the minimal expenses incurred to date, Class Counsel controlled costs as much as possible, and there is no evidence it failed to do so. That Class Counsel only is seeking less than the total out-of-pocket expenses further illustrates the reasonableness of the request for reimbursement.

Plaintiffs request $15,000 incentive awards to seven Class Representatives, Todd Ramsey, Frederick Butler, Marta Nelson, Diane Lewis, Simone Adams, Kasandra Adams, and Brian Adams. "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing Litig.*, 264 F.3d at 722–23. The record suggests that the Class Representatives initiated the action, took on a substantial risk, remained in contact with Class Counsel, and acted at all times for the benefit of the Class. Awards of $15,000 for a Class Representative award and total Class Representative awards of less than one percent of the fund are consistent with awards in comparable cases. *See, e.g.*, *Spano*, 2016 U.S. Dist. LEXIS 161078, at *11 (awarding $25,000 to each of the three named plaintiffs); *Beesley*, 2014 U.S. Dist. LEXIS 12037, at *14 (same).

## CONCLUSION

After consideration of Class Counsel's Motion, and consistent with the findings of the Independent Fiduciary, the Court concludes that the requested attorneys' fees and cost reimbursements are fair, reasonable, and merited by Counsel's efforts resulting in relief for the Class. Accordingly, it is **ORDERED** that the requested attorneys' fees of $5,666,666 are **APPROVED**.

It is **FURTHER ORDERED** that the requested reimbursement of $35,000.00 in outstanding costs is **APPROVED**. The Settlement Administrator shall pay the combined sum

of $5,701,666 to the firm of Schlichter Bogard & Denton out of the Settlement Fund and shall separately pay Plaintiffs Todd Ramsey, Frederick Butler, Marta Nelson, Diane Lewis, Simone Adams, Kasandra Adams, and Brian Adams $15,000 each.

**IT IS SO ORDERED.**

**DATED:   October 15, 2018**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**