IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD RAMSEY, FREDERICK BUTLER, MARTA NELSON, DIANE LEWIS, SIMONE ADAMS, KASANDRA ADAMS, and BRIAN ADAMS, individually and as representatives of a class of similarly situated persons of, and on behalf of, the Philips North America 401(k) Plan, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 18-CV-1099-NJR-RJD ) |
| PHILIPS NORTH AMERICA LLC, | ) ) ) |
| Defendant. | ) |

# FINAL APPROVAL ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the parties' joint motion for final approval of the settlement of this action (the "Class Action") pursuant to the terms of the Class Action Settlement Agreement dated May 11, 2018 (the "Settlement Agreement") (Doc. 23).

On June 12, 2018, the Court preliminarily approved the Settlement Agreement (Doc. 19). On October 12, 2018, the Court held a Final Fairness Hearing, at which all interested persons were given an opportunity to be heard. The Court has read and considered all submissions made in connection with the Settlement Agreement, including statements made in open court at the Final Fairness Hearing, and now **ORDERS** and **ADJUDGES** as follows:

For purposes of this Final Approval Order, capitalized terms used below have the Definitions in the Settlement Agreement, which is incorporated into this Order by

reference.

In accordance with the Court's Preliminary Approval Order (Doc. 19), notice was timely distributed by first-class mail to all members of the Settlement Class who could be identified with reasonable effort, and notice was published on the website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Settlement Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Federal Rule of Civil Procedure 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notices of the fairness hearing and the rights of all Settlement Class Members have been provided to all people, powers, and entities entitled to notice.

All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, have been met.

Members of the Settlement Class had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court. Only one Settlement Class Member—out of 55,750— filed an objection, which was really a request to opt out of the settlement (Doc. 22). For the reasons expressed on the record at the hearing on October 12, 2018, this objection/request for opt out is **OVERRULED**.

The motion for final approval of the Settlement Agreement (Docs. 23 and 24) is **GRANTED**, the settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plan and the Class, and the Settling Parties are directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

The operative complaint and all claims asserted in it are **DISMISSED with prejudice** and without costs to any of the Settling Parties, other than as provided for in this Settlement Agreement.

The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of themselves and on behalf of the Plan, fully, finally, and forever settle, release, relinquish, waive, and discharge Defendant, the Plan, and all Released Parties from the Released Claims, regardless of, *e.g.*, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

The Class Members and the Plan acting individually or together, or in combination with others, are barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an Internal Revenue Service determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other

department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing in this Final Approval Order shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

Class Counsel, the Class Representatives, the Class Members, or the Plan may later discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendant, the Plan, and the Released Parties or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Class Member not to object to the Settlement. Nonetheless, each Class Representative, Class Member, and the Plan has hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims, and each Class Representative, Class Member, and the Plan has hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Representatives, Class Members, and

the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

The Court finds that it has subject matter jurisdiction over the claims in this action and personal jurisdiction over the Class Members pursuant to the provisions of the Employee Retirement Income Security Act ("ERISA"), and the Court expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and the Settlement Agreement. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order also may be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

Each member of the Class shall hold harmless Defendant, Defense Counsel, the Released Parties, and the Plan for any claims, liabilities, attorneys' fees, and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

With respect to any matters that arise concerning distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan's Administrator pursuant to the applicable law and governing Plan terms.

Within **21 calendar days** following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

Upon entry of this Final Approval Order, all Class Members and the Plan shall be bound by the Settlement Agreement as amended and by this Final Approval Order.

**IT IS SO ORDERED.**

DATED:   October 15, 2018

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**